230 So.2d 243

Joe E. GRAY et al.

v.

Jeannie GRAY.

3 Div. 5.

Court of Civil Appeals of Alabama.

Jan. 12, 1970.

D. Coleman Yarbrough and Jones, Murray, Stewart & Varner, Montgomery, for appellants.

Howard & Dunn, Wetumpka, Goodwyn Smith & Bowman, Montgomery, for appellee.

WRIGHT, Judge.

This case involves modification of a decree of child custody of the Circuit Court of Montgomery County rendered November 7, 1968.

A divorce decree was entered in October of 1966 by which custody of five minor children of the parties was granted to the paternal grandparents for a period of one year. The year expired and for a period of time there was no decree for custody.

The proceedings from which this appeal comes began with the filing of a petition for custody of four remaining children by Jeannie Gray, appellee here. (One child had been killed in an accident.) Temporary custody was granted to her. Answer and cross-petition was filed by Joe W. Gray, appellant here.

After lengthy testimony ore tenus, the court entered a decree granting custody of the four children to the mother, Jeannie Gray, for the nine months of the school year, to-wit, from September 1 to June 1, and the remaining three months to appellant, with visitation rights to each during the period of custody of the other. Support was ordered to be paid to appellee in the amount of $30.00 per week from September 1 to June 1.

There were three assignments of error, all of which pertained to assertion that the court's decree was contrary to the great

**332**

weight and preponderance of the evidence. The same argument was assigned to all of the errors charged.

■ The testimony heard by the trial court was extensive, covering 190 pages in the transcript. It ran the usual gamut of charge and counter-charge, and we see no reason to attempt to set any of it out here. The court below determined from the testimony, and entered in its decree, that both appellant and appellee were fit persons for custody. We have carefully read the transcript of evidence and after consideration, cannot hold the trial court to be palpably wrong.

In the opening statement of his argument in his brief, appellant concedes he is fully aware of the presumptions to be accorded the decision of the trial court in cases of custody heard ore tenus. It is, however, insisted by appellant that the decision was plainly and palpably wrong and against the great weight of the evidence. We cannot agree with this insistence.

■ As in every case of this nature, neither party is perfect and much fault lies on both. If this were not true, the matter would not have been before the court in the first place. The trial court must accept the parties as it finds them and use its best judgment as to the best interest and welfare of the children involved. The trial court is, by far, in the best position to make the determination, and this Court will not change that determination unless the evidence discloses an obvious and overwhelming necessity for change. Bianco v. Graham, 268 Ala. 385, 106 So.2d 655; Snead v. Snead, 279 Ala. 344, 185 So.2d 135; Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797.

The trial court will continue to have the responsibility of supervising this case as necessity requires, and this Court in view of the record, will not presume to supplant its judgment.

Affirmed.

THAGGARD, P. J., recuses himself.