254 So.2d 321

**TRANS–SOUTHERN LIFE, a Corp.**

· v.

**Robert C. JOHNSON.**

**8 Div. 395.**

Supreme Court of Alabama.

Nov. 4, 1971.

John S. Bowman, Charles M. Crook, Montgomery, for appellant.

Hobart A. McWhorter, Jr., Birmingham, Ralph Ford, Huntsville, for appellee.

SIMPSON, Justice.

Appellee sued appellant and received judgment for $22,662.28 for damages arising out of the wrongful termination of appellee's employment under a written contract with appellant.

The written contract was made a part of the complaint. It provided that the plaintiff was to receive as salary $15,000 per year, plus two and one-half percent commissions on first year annual premiums for any and all classes of life insurance received from any source by the employer, and that if the plaintiff were discharged by the employer, the employer would pay to him ¾ of the remaining unearned salary in a lump sum and 100% of all commissions as contracted for the remainder of the three year period of the contract.

The contract was to extend for a period of three years from January 1, 1967. The plaintiff was discharged on June 28, 1968. He claimed damages based on ¾ of the unearned salary as provided for in the contract and two and one-half percent as commissions on premiums paid on defendant's life insurance business through, to-wit, December 31, 1969.

Appellant makes 10 assignments of error, but concedes in brief that this appeal is limited to the question of whether or not the lower court erred in denying defendant's motion for a new trial "in that the judgment was excessive" (Assignments of error 1, 2, 3, 4) in that it allowed the plaintiff to adduce testimony relating to "projected earnings of the defendant"

(Assignments of error 5, 6, 7, 8). Assignments 9 and 10 are not argued.

It is the contention of the appellant that the trial court "applied an erroneous standard in the assessment of damages so as to result in the award of excessive damages". To support this position, the appellant says that the trial court obviously allowed the plaintiff to recover an amount of money based upon future earnings of the defendant by way of commission on insurance premiums, i. e., that such premiums were not as yet earned and that therefore should not have been considered in determining the amount of commissions to which the plaintiff was entitled under the contract.

The point made by appellant is that the court erred in that it erroneously allowed evidence to establish an improper element of damage.

At page 78 of the transcript of evidence, the following appears:

"Q: Mr. Johnson, if you recall we have been discussing the—what was paid you with reference to the 2½% commission formula in the contract that's the basis of this law suit for 1967 and the first half of 1968. And my question is prior to this law suit after you were discharged, did you ever undertake to verify the figures, the basis of which you were being paid?

"A: No, I did not.

\*     \*     \*     \*     \*     \*

"Q: Now, I want you to assume that the information given in the Defendant's Answers to Interrogatories disclosed that in January of '68 receipt of first year premiums was $21,924.93; In August of 1968, $7,768.67; in September, $2,307.37; and in October, $6,615.06; November, $7,508.18; in December, $10,-612.96. Now, assume that those figures are correct, do you have a judgment from your experience in the insurance industry and in your experience with this very company whether or not judging from these figures in the calendar month [sic] of 1969 it would be probable that in the amount of first year premiums for each month would be approximately the same as in December of 1968, $10,612.96, be more than or less than that, do you have a judgment?

"MR. WILLISSON: We object to that Your Honor. That question—the hypothetical put to this witness presupposes that he can anticipate the sales of insurance during a next calendar year. *I would object to him testifying. He hadn't been properly qualified as that kind of expert, \* \* \*. And I will object on that ground.* (Emphasis added.)

"MR. McWHORTER: Your Honor, projection of sales is something done by every single life insurance company in the United States. And it's also pretty well in the province of the Sales Manager to project sales. And I think on that basis he would be qualified to give his opinion.

"MR. WILLISSON: May it please The Court, any projection would be just a wish.

"THE COURT: Well, I think he can project, so I will let him testify.

"MR. WILLISSON: We except.

"Q: Now, do you understand the question? Do you want it read back.

"A: I believe I understand the question. I would have an opinion.

"Q: All right. What is your opinion?

"MR. WILLISSON: We object on the same grounds, Your Honor, to his opinion.

"THE COURT: Well, I will overrule it.

"MR. WILLISSON: We except.

"A: My opinion would be that from July through September shows a very strong decrease in sales activity, obviously picking up again in October, more so in November, and more in December. So my calculated judgment would be that it looks like they have reversed the downward trend, and I would think that they would improve their monthly premium receipts each month during 1969.

"Q: Would it be your judgment that each month during '69 would at least equal December of 1968?

"A: Yes, sir, it would.

"MR. WILLISSON: I object Your Honor, on the same basis.

"THE COURT: Overruled.

"MR. WILLISSON: We except.

"Q: Answer, Mr. Johnson.

"A: Yes, it would be my opinion that it would at least equal that or be greater."

The objection interposed to this evidence was that the witness was not qualified as an expert to so testify. The objection argued for now on appeal is that it called for an improper element of damages. Thus, the appellant raises a specific objection to this evidence on appeal which differs from the specific objection interposed to it on trial. A trial court's overruling of a specific objection will be affirmed on appeal unless the evidence admitted was subject to such specific objection. McElroy, The Law of Evidence in Alabama, 2nd Ed., § 426.01(13); Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378. The objection interposed below was that the witness had not "been properly qualified as that kind of expert". The competency of a witness to testify as

an expert is addressed to the sound discretion of the trial court whose decision will not be disturbed on appeal except for palpable abuse. Independent Life & Accident Ins. Co. of Jacksonville, Fla. v. Aaron, 282 Ala. 685, 213 So.2d 847; Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246; Jim Walter Corp. v. Knodel, 281 Ala. 173, 200 So.2d 473, and numerous other decisions collated at ☞971(2), Appeal & Error, 2A Ala.Dig. It follows then that the evidence was not inadmissible on the ground addressed to it below. Hence, there is no error to reverse. We need not reach the question as to whether the evidence was wrongfully admitted in that it goes to support an improper element of damages as claimed for the first time on appeal.

No other assignment having been argued, the judgment appealed from is affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, and McCALL, JJ., concur.