310 So.2d 230

**Harriet C. FORD**

v.

**Gerald Lamar FORD.**

**Civ. 363.**

Court of Civil Appeals of Alabama.

Nov. 6, 1974.

Rehearing Denied Dec. 11, 1974.

Richard D. Lane, Auburn, James T. Gullage, Opelika, for appellant.

Thomas S. Melton, Opelika, for appellee.

**512**

WRIGHT, Presiding Judge.

This is an appeal from a decree denying modification of a decree of custody.

The parties were divorced on July 8, 1971. Custody of a girl child was granted to the father, but the mother was given the right to have the child with her on alternate weekends from 5:00 P.M. on Friday to 5:00 P.M. on Sunday. There was modification of the original decree after hearing on December 29, 1971. The latter decree directed the child be left with the paternal grandmother during the day while the father was at work.

The decree from which this appeal comes was rendered, after oral hearing, on February 28, 1974.

The petition by appellant requesting modification of the custody of the four-year old child alleged change of circumstances since the decree of December 29, 1971. After hearing extensive testimony the court denied modification.

As we interpret appellant's argument, in brief and orally before this court, the trial court committed error in three instances. We consider the first error charged to be that the decree is contrary to the evidence.

In order to support a petition for modification of custody, the petitioner must produce evidence of a material change of circumstances of the parties occurring since the last prior decree which adversely affects the welfare and best interest of the child to such an extent that a change in custody is warranted or required. Ponder v. Ponder, 50 Ala.App. 27, 276 So.2d 613.

We have carefully examined the evidence contained in the record. The evidence of a change in the circumstances of the parties since the last decree appears to be relative to the marital status of the parties. It appears that appellee divorced a wife he took after his divorce from appellant, remarried her and divorced her again. Appellant has secured another husband. The occurrence of these events, though of import to the parents, does not ipso facto affect the welfare of the child. There was no material evidence that such events had any relationship to the welfare of the child. There was no evidence that the custodial arrangements existing since December 29, 1971 were producing any ill effects upon the child. To the contrary, it appeared that the child is in good health and doing well.

We can well understand that the mother is dissatisfied and unhappy that she does not have full custody and control of her young daughter, but the wisdom of the court's original decree of divided custody is not properly before this court in an appeal of a decree denying a change from that original decree. We are confined to a consideration of whether circumstances have so changed since that time that the trial court should have been asked to protect the best interest of the child. Our review of the evidence requires no conclusion that the trial court palpably abused its discretion in denying a modification of its original decree of custody.

Appellant charges error in the refusal of the court to allow certain testimony of two witnesses. Appellant presented as a witness a man stated to hold the position of Youthful Offender Officer of Columbus, Georgia. The witness knew appellant and had visited in her home on occasions some 14 months prior to the hearing. He was permitted to testify that in his opinion appellant had a good home and was a fit and proper person to have custody of her child. Counsel for appellant then attempted to qualify the witness as an expert to state his opinion that the best interest of the child was for her to be placed in the custody of appellant. After deter-

mining that the witness knew nothing of the home of the father nor the circumstances of the present custody, had not been in the home of appellant in more than 12 months, and had only seen the child on rare occasions, the court refused to allow the witness to state an opinion upon the ultimate question to be determined by the court. Such refusal was not error.

■■ The role of an expert witness is to assist in reaching a proper conclusion from facts presented, which because of want of experience or knowledge the court or jury is incapable of determining by themselves. It has been said that expert opinion evidence should not be admitted unless it is clear that the jurors themselves are incapable, for want of knowledge or experience, of drawing correct conclusions from the facts proved. Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804. In the case before us, the court disallowed the proffered opinion for two reasons. The court stated that the witness had insufficient knowledge to be qualified and that the opinion offered was the ultimate fact of inquiry to be decided by the court. The judge felt that because of his experience and knowledge he was capable of reaching a conclusion from the facts without the assistance of the witness. The court's first reason was sufficient for refusal of the testimony of the witness. The competency and qualification of one offered as an expert witness, and the extent to which his opinion may be required are matters within the broad discretion of the trial judge. Reuter v. Eastern Air Lines, 5 Cir., 226 F.2d 443; Trans-Southern Life v. Johnson, 287 Ala. 620, 254 So.2d 321. Maslankowski v. Beam, *supra.*

■ Appellant charges error in the striking of the opinion testimony of a witness that on an occasion a person was intoxicated from drinking beer or whiskey.

In examining the record, we find that the court did strike the opinion of the witness. However, on redirect examination the witness was permitted to again state her opinion which remains in the record. Without deciding whether the court erred in first striking such opinion, we find there was no injury when the same testimony was subsequently allowed. Garrison v. Grayson, 284 Ala. 247, 224 So.2d 606; Cobb-Kirkland Motor Co. v. Rivers, 46 Ala.App. 686, 248 So.2d 725.

■ Appellant assigns as error statements made by the court in a discussion with the witness who was offered as an expert. The context in which the statements were made was in relation to the knowledge possessed by the witness of prior activities charged against appellant in the original divorce action. The witness was attempting to express an opinion as to the fitness of appellant as a custodian of the child. The court inquired if the witness knew that appellant had been charged with adultery in relation with an incident in Eufaula.

Had such question been asked by opposing counsel for the purpose of determining the extent of the witness' knowledge of appellant used in forming his opinion, it would not have been objectionable. We do not perceive in what manner it was error for the court to ask if the witness' opinion of the fitness of appellant was formed with knowledge of acts of adultery. If the court was to give credibility to the proffered opinion, it was entitled to know if the witness possessed derogatory as well as favorable knowledge of appellant.

Appellant argues that the remark of the court, that it remembered from prior hearings testimony of incidents of appellant's visits to Eufaula, indicated that the court considered matters which occurred prior to the instant hearing in reaching its conclusion to deny change of custody. Perhaps such an inference is to be drawn from the remarks of the court. However, it is only an inference. It is a fact that the court had prior knowledge of the parties gained by hearings on the original divorce and subsequent requests for modification. Such knowledge, as a practical matter,

could not be erased from the mind of the court. However, the basic issue for the decision of the court on the hearing of the petition to modify was not merely the present fitness of the appellant for custody, but whether, having previously determined custody, there had arisen subsequent circumstances necessitating a change of such custody for the welfare of the child. The trial court heard the evidence and decided that no such change was required.

Our review of that decision is accompanied by a presumption of its correctness. The evidence is insufficient to overcome such presumption and to support a conclusion that the trial court was palpably wrong. Gray v. Gray, 45 Ala.App. 331, 230 So.2d 243.

We have considered all assignments of error and find no error sufficient to reverse.

Affirmed.

BRADLEY and HOLMES, JJ., concur.