James C. Francis, Decatur, for appellant.

311 So.2d 322

**Patricia Ann COUEY**

**v.**

**Joe Dwain COUEY.**

**Civ. 441.**

Court of Civil Appeals of Alabama.

April 9, 1975.

Dan F. Nelson, Decatur, for appellee.

HOLMES, Judge.

This is a divorce case. The mother appeals from that portion of the decree awarding custody of the parties' four year old daughter to the father.

Pertinent tendencies of the evidence reveal the following:

The parties were married June 20, 1969. Appellant-mother filed a petition for divorce on January 10, 1974, in which she alleged incompatibility and sought custody of the child. Appellee-father filed a cross-complaint on May 10, 1974, in which he alleged adultery on the part of appellant and also sought custody.

Many witnesses testified at the hearing, held *ore tenus*, producing much contradictory evidence.

The evidence indicates that appellee has been employed for over two years by the Electric Department of the City of Decatur at a salary of $664 a month. Follow-ing the award of custody of the child, appellee testified he would move into a home occupied by his parents. Additional rooms were to be added to the house to provide the child with her own bedroom. Additionally, appellee's mother testified she would quit her job in order to stay with the child full time while the father is at work.

As further indicated by the evidence, appellant works at several jobs. She works part time—approximately six hours a week —for a locksmith and also works a night shift at McDonald's. Additionally, she keeps and tends the children and cleans the home of her alleged paramour who is also her boss at both of her jobs.

The evidence shows that appellant works until after 11:00 P.M., on week nights and until after 1:00 on Friday night and until after 12:00 midnight on Saturday night. While appellant is at work her sister, who is in the process of obtaining a divorce, keeps the parties' child and also the children of appellant's boss. After work, appellant retrieves the children from her sister's, transports them to her boss's home, tucks his children in and apparently remains with them until he returns home, and then takes her own child home. Thus, the nightly process involves several late night movements on the part of the child.

The appellant and her child occupy the same bed in an apartment appellant rents with another single girl. Until shortly before the trial, the address of this apartment was kept secret from all others by appellant.

While introducing no direct proof of adultery, appellee and a cohort testified that they followed appellant to the home of her alleged paramour and that appellant and the man spent the night there together.

This was denied by appellant and the other party.

After the hearing, the learned trial judge entered a decree in which the divorce was granted on grounds of incom-

patibility of temperament. He also awarded custody of the child to the appellee-father with liberal visitation rights to the appellant-mother.

The basis of appellant's appeal, and the only issue raised, is that the trial judge erred in not awarding the custody of the infant daughter to her mother, appellant.

In a similar case, Linderman v. Linderman, 49 Ala.App. 662, 664, 665, 275 So.2d 342, 344, this court made the following observations which we deem apropos here:

"Cases dealing with custody of children are among the hardest to deal with and courts are seldom satisfied in all respects with the results reached; however, the overwhelming consideration in cases of this nature is the welfare of the children. Blankenship v. Blankenship, 248 Ala. 489, 28 So.2d 409 [and numerous other cases; Ala.Dig., Divorce, 298(1)]. The trial court heard the evidence, observed the witnesses, and based its decision of these factors in arriving at its determination that the welfare of the children would best be served by the appellant having primary custody of the children. There is a strong presumption favoring the trial court's findings in cases of this class. Ala.Dig., Appeal and Error, 931(1). We are further mindful, as our now Presiding Judge Wright stated in Turner v. Turner, *supra,* there is no law in this state which gives either parent priority as to the right of custody. It is usually that a child or children, particularly a girl of tender years, is considered to need the peculiar care of the mother, but such consideration is subject to the predominant rule of the best interest and welfare of the child or children. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737; Hammett v. Hammett, 46 Ala.App. 206, 239 So.2d 778."

 Applying these principles in light of the evidence as noted above, and considering all of the evidence as revealed by the record, and with a view to the presumption favoring the trial court's finding, and, as always, the primary consideration being the welfare of the children, this court cannot say in this instance the trial court committed reversible error in awarding custody of the child to the appellee-husband.

We note, however, that in matter of custody this court's ruling and the trial court's order is never *res judicata,* Danford v. Dupree, 272 Ala. 517, 132 So.2d 734, and under changed circumstances, the trial court on proper petition, may later reach a different conclusion. Northcutt v. Northcutt, 45 Ala.App. 646, 235 So.2d 896.

The decree is due to be and is, therefore and accordingly, affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.