BRADLEY, Judge.
This appeal is from a judgment denying a request for a modification of a prior divorce decree.
The parties to this proceeding were divorced by the Intermediate Court of Walker County, Alabama in March of 1976 for incompatibility. The custody of the two children was given to the father. In June 1977 the mother filed a petition in the Circuit Court of Walker County, Alabama seeking to have custody of the children placed in her. After an ore tenus hearing the court denied her petition. She appeals.
The parties to this proceeding were married for about ten years before their divorce, and two children resulted from the marriage. These children continued to reside with their mother approximately fifty percent of the time after the divorce even though their custody had been awarded to their father. There was no provision in the divorce decree prescribing any particular visitation periods.
Shortly after the divorce, i. e., sixty-two days, the defendant husband remarried. Both he and his new wife work. However, both testified that they loved the children and wanted them to remain in their custody.
The testimony showed that even during the time the children were staying with petitioner, the defendant was contributing to their support.
The petitioner is unmarried and drives a school bus. The evidence, although disputed, revealed that she had had an adulterous relationship with defendant’s nephew during the time she was married to defendant. The evidence also supports the conclusion that a sexual relationship with the nephew continued to exist for several months after the divorce. There was also testimony, again disputed, that petitioner has a new boyfriend who often stays overnight with petitioner in the latter’s house.
The defendant is an employee of South Central Bell and earns around $17,000 a year. He remarried shortly after his divorce from petitioner and has enjoyed a good relationship with his new wife.
There was testimony that defendant and his new wife had lived together in the same house for about a month prior to their marriage. Also there was testimony that prior to their marriage, the defendant and his new wife had taken the children to Florida for a short vacation and the defendant and his new wife slept in one room and the children slept in another room. Neither the defendant nor his new wife disputed this evidence.
Defendant’s wife testified that she loved the children and wanted them to live with her and the defendant full time. She also stated that the house was large enough for them and that the family’s income was sufficient for their needs.
The overall evidence contained in the record on appeal is supportive of the conclusion that the children have been loved and well cared for by each of the parties to this appeal and that the needs of the children are being satisfied.
Those who would have a court alter child custody arrangements have the burden of proving that there has been a material change in conditions or circumstances since the divorce decree. Ford v. Ford, 54 Ala.App. 510, 310 So.2d 230, corrected, writ den. 293 Ala. 743, 310 So.2d 234 (1975); Stephens v. Stephens, 47 Ala.App. 396, 255 So.2d 338 (1971). And, decisions in child custody cases are presumed to be correct and will not be changed on appeal unless it can be shown that such decisions are plainly and palpably erroneous. Clutts v. Clutts, 54 Ala.App. 43, 304 So.2d 599 (1974); Donald v. Donald, 50 Ala.App. 9, 276 So.2d 436 (1973).
The trial court obviously found that petitioner had failed to prove that there had been a material change in circumstances since the divorce, since it denied her petition to change the children’s custody from *667 tbe father to her. Therefore, based on the evidence set out in the record — and we have carefully examined it — we can come to no other conclusion than that the trial court’s decree denying plaintiff’s petition for change in the custody of the children was not plainly and palpably erroneous.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.