This is an appeal from a decree denying modification of a prior award of custody to the appellee-father. The mother appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in refusing to change custody.
The parties were divorced in 1974. The Circuit Court of Morgan County awarded custody of their minor child to the father. The mother appealed that decision to this court. In April of 1975, this court affirmed the trial court's decision awarding custody of the child to the father. For a better understanding of the prior facts and our decision in the instant appeal, reference should be had to Couey v. Couey,54 Ala. App. 602, 311 So.2d 322 (1975).
In 1976, the wife petitioned the Circuit Court of Morgan County to award the wife custody of the child. This petition alleged that the mother had, since the divorce decree in 1974, remarried; that she no longer needed to work outside the home and, in fact, was a full time homemaker; that she cares for the needs of the minor children of her present husband; and, furthermore, that since the decree of divorce, the father has had a serious accident and is disabled.
The trial court held an extensive ore tenus hearing and, as indicated above, refused to modify the custody.
Able and distinguished counsel for both parties have favored this court with extensive and well written briefs. The record before this court exceeds 700 pages. We have carefully reviewed the briefs and the record and we do not deem it necessary to set out in detail the evidence as it relates to the dispositive issue.
The pertinent evidence does reveal that approximately three months after the original decree of divorce in 1974, the mother married her employer. The relationship of the mother and her then employer and now husband is included in this court's prior opinion. Couey, supra. The mother and her present husband have a good, stable home. They attend church regularly and maintain a loving atmosphere while rearing the present husband's children from a previous marriage. The wife is no longer employed, but devotes all of her energies toward being a homemaker and mother to the children in the home. The present husband testified he loved the child and wanted her in his home and, further, that he is financially able to care for the child.
In addition to the above, there is ample evidence that since the decree of divorce, the husband has become disabled. Specifically, he was injured on the job and is now partially paralyzed. However, his income is now greater than before the divorce. Additionally, he can drive a car. He drives the child to school and other places. In fact, the evidence reveals the father is able and does spend a great deal of time with the child. The child and the father live with the paternal grandparents. These grandparents are in their forties. We would further note that our prior opinion in this matter clearly indicates it was anticipated that the father and child would live with the grandparents. Furthermore, the child *Page 803 
has her own room. The child does well in school; she is an "A" student. The evidence indicates she is well adjusted and loves her father and grandparents. Needless to say, the child has lived with the father and grandparents for approximately four years.
With the above before it, the trial court refused to modify the custody award and this court cannot reverse.
The person asking the court to modify a previous custody decree has the burden of showing that circumstances have so changed as to warrant modification. Jenkins v. Jenkins,45 Ala. App. 500, 232 So.2d 680 (1970). Specifically, as our Presiding Judge Wright stated in Ford v. Ford, 54 Ala. App. 510,512, 310 So.2d 230, 232, (1974):
 "In order to support a petition for modification of custody, the petitioner must produce evidence of a material change of circumstances of the parties occurring since the last prior decree which adversely affects the welfare and best interest of the child to such an extent that a change in custody is warranted or required. . . ." [Emphasis supplied.]
See also Ponder v. Ponder, 50 Ala. App. 27, 276 So.2d 613
(1973).
In view of the strong presumption favoring the trial court in cases of this nature, we cannot say that the changed circumstances are such that the child is adversely affected.
Put another way, clearly the wife's situation has changed considerably since the divorce. She is to be admired for bringing about some of these changes. Just as clear is the fact that while the husband's physical condition has greatly changed, his love and ability to care for the child has not changed. More to the point is the fact that the child is well adjusted and does not appear to be adversely affected by any of the changes. Hence, we cannot reverse.
The wife, in an excellent brief by her able and distinguished counsel, emphasizes the following language which is found in our prior decision in this matter:
 "[I]n matters of custody this court's ruling and the trial court's order is never res judicata, Danford v. Dupree, 272 Ala. 517, 132 So.2d 734, and under changed circumstances, the trial court on proper petition, may later reach a different conclusion. . . ." 54 Ala. App. at 604, 311 So.2d at 324.
The above statement is a correct statement of the law; however, in the first instance on a modification petition it is the trial court who must make the determination of "changed circumstances." Here, none were found to justify modification and we cannot substitute our judgment for that of the trial court.
In addition to the above, the wife argues in brief that the trial court erred to reversal in allowing certain evidence to be admitted. Suffice it to say that even if such be the case, error would be harmless as there is competent evidence to support the trial judge's decision. Rule 45, ARAP.
The case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.