BRADLEY, Judge.
The wife appeals from a final order confirming custody of the minor female child in the husband and the trial court’s denial of a motion for reconsideration.
*36 Husband and wife were formally divorced on August 23, 1977. Custody of the minor female child was placed in the husband. The wife filed a petition for modification of the custody provision of the original divorce decree on June 9, 1978. She alleged a substantial change in circumstances in that she had remarried and acquired substantial means for providing full care and financial support for the child since the date of the divorce. She claimed that since the divorce the husband had been unemployed for a substantial period of time and had to rely upon the financial support of his parents for both himself and his child. The wife further alleged that she had been denied meaningful access to the child and that the husband had evidenced such lack of interest, financial stability, and supervision of the minor child that he was no longer a fit and proper person for custody. After hearing oral testimony, the trial court issued a final order on June 18, 1978 confirming custody of the minor child in the husband and modifying the divorce decree in regard to visitation by the wife. The modification reads:
2. That the Petitioner, Janice Temple-ton Porter shall have visitation rights with the minor child, Vicki Lynn Temple-ton, from the 1st day of August, 1978, until the 31st day of August, 1978, and for ten (10) weeks during the summer of 1979, and each summer thereafter, beginning on the 16th day of June and ending on the 31st day of August, with the Defendant providing transportation of the minor child to the mother’s residence in Michigan, and with the Plaintiff providing the transportation from Michigan back to the Defendant’s home after each of the aforesaid visitation periods.
Oral testimony reveals that the wife remarried after the divorce and was expecting a child in September of 1978. She is presently living in Michigan in a trailer on a ten acre lot. Her new husband has held a job for about five years as a lubrication engineer and takes home about $250 a week. The new husband testified that he wanted the minor female child and that he could support the child financially without any support payments from the father.
The husband’s testimony revealed that he was planning to attend TVA school for nine months, during which time he would receive no compensation. He further testified TVA would hire him permanently at the end of nine months. The husband had been unemployed since May 25, 1978, and at the time of the hearing testified he was not able to buy his daughter the necessary food, clothing, etc. His parents take care of the child’s necessities. The husband and child have resided with his parents since the divorce. They now live in a fourteen foot by seventy foot three bedroom trailer with the husband’s parents and brother. The child has no bedroom of her own, but sleeps wherever she wishes to sleep. The husband’s mother testified that she performs all of the motherly tasks for the child.
The mother testified that she had attempted to see the child once in March 1978. Testimony indicated she visited several days. It appears that the husband consented for the child to visit in Michigan in June but that for some reason the visit never materialized.
The primary issue is whether the trial court was palpably wrong in denying the wife’s petition for modification and ordering custody of the four year female child to remain in the husband.
A trial court which has heard oral evidence in a custody modification proceeding will not be reversed on appeal except for plain and palpable error and abuse of discretion. Smith v. Smith, Ala.Civ.App., 334 So.2d 915 (1976). The reviewing court will not substitute its judgment for the trial court if there is any reasonable inference presented from the evidence that the trial court’s decree was correct. Smith, supra.
In this case the burden was on the wife to convince the trial court that circumstances upon which the original decree was based had changed to such a degree that modification of the award of custody was required. Stewart v. Grace, Ala.Civ.App., 360 So.2d 1032 (1978); Warnick v. Couey, Ala.Civ.App., 359 So.2d 801 (1978).
*37 The wife urges that the trial court abused its discretion and that its order was palpably wrong due to the evidence which supported modification. We recognize that remarriage and establishment of a satisfactory home and a showing of an ability and willingness to take care of a child are persuasive elements in support of a petition to modify a custody decree. See 27B C.J.S. Divorce § 317(2) (1959). However, remarriage is but one factor to be considered by the trial court along with others in the exercise of its discretion. Stuckey v. Stuckey, 50 Ala.App. 682, 282 So.2d 283 (1973). Remarriage, in and of itself, is not such a material change of circumstance as to justify modification of a decree awarding custody. Pezent v. Nelson, 52 Ala.App. 9, 288 So.2d 792 (1974). Nor is the improved financial condition of one party a controlling circumstance in a change of custody proceeding. See Ponder v. Ponder, 50 Ala.App. 27, 276 So.2d 613 (1973). The paramount consideration in every child custody case is the best interests of the child. See 8 Ala. Dig. Divorce 298(1). There was no evidence to show the child was uncared for or that custodial arrangements detrimentally affected the child, and, in fact, the wife testified that the child appeared to be fairly happy.
The orders of the trial court denying the request for modification of child custody and for reconsideration are without error and must be affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.