This is a case of modification of custody and support. The husband requested change of custody of a fourteen-year-old daughter and a reduction in support and alimony. The wife counterclaimed for increased support. The trial court denied the request of the husband and granted an increase of support from $200 to $300 per month. The husband appeals. The parties were divorced in 1970. A separation agreement incorporated into the decree provided custody of the daughter to the wife; the husband to pay the wife $200 in child support and $200 in periodic alimony; the wife to retain a life estate in the parties' residence, and the husband to make the mortgage payments of $157 a month.
The husband's most recent petition was the last of multiple actions filed by both parties citing failure to abide by the decree. In January of 1978, the active judges of the circuit recused themselves from the case. Retired Judge Telfair Mashburn was assigned to the case, and oral hearing was had in June of 1978.
The evidence showed the wife to be a forty-eight-year-old licensed practical nurse (LPN), who lives in the former marital residence with the daughter, Amy, now fourteen years of age. The husband has remarried and lives in Florida with his new wife and stepdaughter. The parties' two adult sons work with their father in a family corporation, Alford and Associates.
Alford and Associates includes a carpet store in DeFuniak Springs, Florida; two country stores selling general merchandise, one in Opp and one in DeFuniak Springs; and several mobile home parks. The husband runs Alford and Associates' interests in DeFuniak Springs and is president of the *Page 297 
corporation. The sons run the store in Opp and the trailer parks. The husband testified that the corporation's liabilities exceed its assets and that it had no taxable income in 1977. Although the husband is president, he testified that he transferred his majority stock to his oldest son who assumed the indebtedness of the corporation in February of 1977. The husband receives a salary of $125 weekly, and his new wife draws $50 weekly from the corporation.
The husband stated that the only property owned by him is the reversionary interest in the home where the wife lives, valued at approximately $30,000, and a lot worth $1,500 in Florida. He said that his only income was the salary from Alford and Associates. There was no contrary evidence of the husband's present financial condition presented by the wife.
The wife testified that she could not work as an LPN because the requirement that she work rotating shifts would necessitate leaving Amy home alone at night. She has worked at odd jobs since the divorce and had recently taken a job in a department store at minimum wage. She said she was financially destitute.
There were various charges of misconduct by each party against the other. The wife denied accusations concerning her sexual conduct, and the husband denied charges that he was a problem drinker. The daughter testified that she wished to remain with her mother.
After hearing, Judge Mashburn issued an order sustaining custody in the wife. The husband was found to be in arrears on support payments. Support was increased to $300 per month.
The issues presented by the husband's appeal are whether the court abused its discretion in not awarding him custody of his daughter, and whether the increase in the support payment was supported by the evidence. We find the first issue against the husband. We find the second issue in favor of the husband and reverse the judgment increasing support and remand.
There is a presumption of correctness which accompanies the judgment of the trial court in every case upon review where the evidence was presented orally before the court. Collum v.Collum, 53 Ala. App. 6, 296 So.2d 907 (1974). There is also a rule of repose applicable to a petition to modify a prior judgment as to custody of a child. Perez v. Hester, 272 Ala. 564, 133 So.2d 199 (1961). To overcome both the presumption of correctness and the rule of repose there must be evidence of a material change in circumstances occurring since the last judgment so affecting the best interest and welfare of the child as to disclose an obvious and overwhelming necessity for change. Gray v. Gray, 45 Ala. App. 331, 230 So.2d 243 (1970). The judgment entered by the court must be so unsupported by or contrary to the evidence as to be clearly an abuse of the court's judicial discretion and thus palpably wrong and unjust.Quinn v. Quinn, 351 So.2d 925 (Ala.Civ.App. 1977).
We have carefully reviewed the record and fail to find the evidence of a material change of circumstances affecting the welfare of the child, Amy, so strong and convincing as to overcome the presumption of correctness supporting the judgment as to custody. The wish of the child to remain with her mother is not compelling on the court, but such wish is for consideration and might have affected the judgment in this case. Parks v. Parks, 275 Ala. 613, 157 So.2d 212 (1963).
As to the issue of support in the evidence for the increased amount of support, we must hold that there is no such support. The income of the husband at the time of the original judgment was shown to exceed $20,000 annually. There was no substantial evidence to dispute his testimony that his income was now $125 weekly. The wife offered no record of tax returns or rebuttal that her son now owned the husband's stock in the corporation and enjoyed whatever benefits accrued to such ownership. Other than the testimony of the husband, there was no evidence of income or liquid personal assets available for payment of the ordered increase in support. To the *Page 298 
contrary, the evidence submitted would support a decrease as requested by the husband. The court is bound by the legal evidence or lack of it. It is not free to speculate as to the ability of the husband to pay. An order of support is encompassed by evidence of needs of the child and the financial ability of the father to meet those needs. Womble v. Womble,56 Ala. App. 318, 321 So.2d 660 (1975). There is insufficient evidence in the record to support the order of increase. We therefore reverse that part of the judgment and the prior judgment is reinstated. We remand the matter to the trial court for such further proceedings as the parties wish to request and the court determines it may properly entertain, including taking additional testimony and entering further judgment.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.