BRADLEY, Judge.
This is a child custody case.
The parties to this proceeding were married in 1974 when Walters was seventeen years old and Griffin was twenty-eight or twenty-nine years old. One child, Joshua, was born in 1977.
In 1978 Walters contacted an attorney about initiating divorce proceedings. The parties signed a divorce agreement subsequently adopted by the court, which gave custody of Joshua to Griffin. Walters moved to Birmingham where she met her present husband, Bruce Walters. They moved to Memphis, Tennessee where they lived together until their marriage in 1979. They now live in New Jersey.
Walters has had reasonable visitation rights with her son and has had physical custody of Joshua in her home in New Jersey.
On June 9, 1980 Walters filed a petition to modify the divorce decree to obtain custody of Joshua. Trial was had on October 30, 1980 and judgment was rendered on November 3,1980. That judgment provides in part as follows:
There has certainly been a change of circumstances since the final decree of divorce was entered. These changes of circumstances are to be considered in the context of what is in the best interest of this 3 year old child. The Court finds that the mother was sincere and properly motivated in bringing this action, that both she and the father care for the child, that the mother has substantially altered her living conditions since the time of the divorce, and that the child has been living with the father since the divorce. The Court further finds that the father’s conduct since the divorce has been at times questionable in regard to the child, and in particular his discipline of the child in the Court’s mind was excessive. Concerning such, the father should walk circumspectly. The child, however, seems to care for and be attached to the father. The father works all day and leaves the child with his 65 year old mother, whereas Barbara Walters is free to tend to the child all day. There are many factors to consider in the custody and visitation issue and the Court will not name them all particularly.
The mother shall have the child in her home, in New Jersey or otherwise, for two and one-half of every six months, beginning November 1, 1980. Each visit with the mother shall last for two calendar months plus 15 days, and the child shall then return or be returned to the father for the rest of the one-half month and three calendar months, at the end of which time the cycle shall be repeated. Custody, however, shall remain with the father. The mother and child hopefully will establish a new and deeper relationship as mother and son.

Each custody case is unique. This Order is made for these times, and obviously will require modification at least by the time the child becomes of school age.
The evidence shows that Griffin is engaged in the logging business. He and Joshua live in a two bedroom trailer on forty acres of land in Chelsea, Alabama. This property is very close to Griffin’s mother and other relatives.
Prior to their divorce, the parties had both smoked marijuana and consumed alcoholic beverages. Griffin admitted having engaged in these activities but stated that he had reformed and has not engaged in such activity in at least eight months prior to trial and has never done so in Joshua’s presence.
Much of the testimony at trial concerned the well-being of Joshua. Evidence was presented that tended to show that Joshua was not properly fed, clothed, and cleaned. This testimony was contradicted by several witnesses.
*258 The record reveals that Griffin’s mother cares for Joshua in her home while Griffin is at work. There is evidence that Joshua is usually fed and dressed when he is left with his grandmother and if for some reason he is not his grandmother takes care of him.
Griffin testified that he loves his son and they spend a great deal of time together. Griffin also testified that he did not want to prevent Walters from seeing Joshua.
The dispositive issue before this court is whether the trial court’s failure to transfer full legal custody of Joshua to Walters constituted a plain and palpable abuse of discretion and was contrary to the weight of the evidence. We find no error and affirm.
We begin by noting that where a trial court has heard evidence ore tenus in a child custody modification proceeding, its decision will not be reversed on appeal except for plain and palpable abuse of discretion. Porter v. Templeton, Ala.Civ.App., 368 So.2d 35 (1979). The reviewing court will not substitute its judgment for that of the trial court if there is any reasonable inference from the evidence that the trial court was correct in its judgment. Porter v. Templeton, supra.
The party seeking to modify a child custody decree has the burden of proving a material change of circumstances since the last custody decree which has so affected the best interests of the child as to require a change of custody. Frazier v. Frazier, Ala.Civ.App., 342 So.2d 1320 (1977).
The wife contends that her changed financial situation and her remarriage along with Griffin’s conduct support a modification of the custody decree to give her full custody of Joshua. Neither remarriage nor improved financial circumstances is a controlling element in a child custody modification case. Porter v. Templeton, supra. Contrariwise, there is evidence in the record which shows that Griffin has provided care and love for his son.
Based on the record before us, we cannot say that the trial court plainly and palpably abused its discretion in not granting full custody of Joshua to his mother.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.