EDWARD N. SCRUGGS, Retired Circuit Judge.
Mr. Wilger, by modification proceedings, seeks the custody of six of his children.
By a judgment of the family court which was rendered in 1973, the Wilger children were determined to be dependent or neglected and were declared to be wards of the state with their temporary custody being granted to an official of the Department of Pensions and Security (DPS). Paramount care of these children was granted to DPS, and the Wilgers’ legal rights as natural parents were permanently terminated by judgments entered in February and April 1976, which also authorized the placement of the children for adoption. Mr. Wilger took an untimely appeal. Wilger v. Department of Pensions and Security, 343 So.2d 529 (Ala.Civ.App.1977).
In 1980 Mr. Wilger filed the present petition in the family court of Montgomery County seeking the return of the custody of six of the children. That petition was dismissed and he again appealed. The cause was reversed and remanded to the family court for further proceedings. Wilger v. State Department of Pensions and Security, 390 So.2d 656 (Ala.Civ.App.1980).
Mr. Wilger filed a motion to transfer the proceedings to Macon County, his place of residence, which issue was contested by DPS. At a hearing on that Wilger motion, he stated that, while he was able to afford an attorney, he desired the change of venue because an attorney, who was his friend, had agreed to represent him in Macon County without charging a fee, but that the lawyer would not practice law in Montgomery. In over two years Mr. Wilger had made no effort to obtain counsel in Montgomery. Mr. Wilger’s other stated reason for desiring the venue change was to prevent a loss of time from his employment because of the litigation. The trial court denied the motion to transfer to the Macon County juvenile court.
DPS filed its written answer.
Mr. Wilger’s motion for a trial by jury was denied by the court and an ore tenus trial upon the merits was had before the family court. Mr. Wilger’s evidence pertained exclusively to a daughter whose custody was not in controversy in these proceedings and did not pertain to past or existing custodial conditions as to any of the six children whose care is now in question.
The evidence of DPS was to the effect that the adoption of the two youngest Wil-ger children had been made final in 1978 by court judgment. The other four children were in permanent foster homes and they were well adjusted, learning, progressing and happy. Those four children are now eighteen, seventeen, thirteen and twelve years of age and have been in DPS’s control in foster care for almost nine years.
The trial court denied Mr. Wilger’s petition for modification after conducting the trial in a most admirable, competent, patient and understanding manner. Mr. Wil-ger again appeals. We affirm.
There was no proof of any ground which would authorize us to alter the order denying the motion for a change of venue to Macon County. The transfer of a case to another county is a matter which, when authorized by law, requires the exercise of judicial discretion by the trial court, and there was no abuse of that discretion in this instance. Ramsey v. Ramsey, 347 So.2d 999 (Ala.Civ.App.1977).
A jury trial is not authorized in proceedings of this nature. § 12-15-65, Code 1975.
In his brief in this court Mr. Wil-ger has made a bare bones assertion in two separate passages that the best interest standard of Alabama should be declared unconstitutional. No further argument or citation of authority is made in the appellant’s brief as to why that rule of law is invalid. Upon a mere suggestion of uncon *1184 stitutionality, a court will not search for constitutional objections. Culbert v. State, 52 Ala.App. 167, 290 So.2d 235 (1974). We are not cognizant of any reason to reject that standard.
The Palmers next argue that the trial court’s order violated their constitutional right to custody of their children. The right to maintain family integrity is a fundamental right protected by the due process standards of the Constitution. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953). That right is recognized by Alabama courts in their application of the presumption that parental custody will better serve the best interest of a child. Borsdorf v. Mills, 49 Ala.App. 658, 275 So.2d 338 (1973). However, where it is shown that parental custody would be contrary to the best interests of the child the presumption is overcome. Smith v. Jones, 275 Ala. 148, 153 So.2d 226 (1963).
The Palmers have raised no specific violations of their due process rights. Having found that the evidence in the record supports the trial court’s order, we find no merit in the argument that the order violates their constitutional rights.
In re Palmer, 387 So.2d 215 (Ala.Civ.App. 1980). Here, the prior judgments are not constitutionally void on their face. When the Wilgers lost the custody of their children through the court proceedings, the parental preference rule could no longer apply since the prior judgments now rebut, prima facie, any presumption which previously favored the natural parents as custodians and place upon them a burden of reasonably satisfying the trial court by competent evidence that any modification of the longstanding custody of these children is necessary to promote the children’s best interest. Strickland v. Osborn, 333 So.2d 582 (Ala. Civ.App.1976). We fail to see how that rule, or its application in this case, is constitutionally defective. To the contrary, it is a standard that is reasonable, understandable, workable and fair. Time has proven that the welfare of children is enhanced and well served by its judicious application.
Since the trial court heard the evidence, its decision on the merits will not be disturbed unless it palpably abused its discretion. Mr. Wilger had the burden of proving a material change of circumstances occurring since the 1976 custody judgments which so affected the best interests of these six children as to require a change of their custody. Walters v. Griffin, 403 So.2d 256 (Ala.Civ.App.1981); Cheatham v. Cheatham, 403 So.2d 250 (Ala.Civ.App.1981). There was such a complete failure of evidence in that respect that the trial judge had no alternative but to deny any change in their custody. Even if only Mr. Wilger’s evidence was considered and the evidence of DPS was totally ignored, the trial court’s only lawful judgment would have been to dismiss Mr. Wilger’s petition to modify custody.
We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.