24 So.2d 444

## BOYD v. BOYD.
### 6 Div. 401.

Supreme Court of Alabama.
Jan. 17, 1946.

Taylor, Higgins, Koenig & Windham and J. Howard Perdue, Jr., all of Birmingham, for appellant.

Chas. W. Greer, of Birmingham, for appellee.

FOSTER, Justice.

This is an appeal by complainant, the wife, in a suit for divorce and the custody of their two children. The decree granted complainant a divorce, and awarded to her by consent the custody of their minor son James Richardson Boyd, age seven, and awarded to respondent the custody of their daughter Bettie Boyd, age nine. She assigns as error only that feature of the decree which awarded the custody of Bettie to respondent. That matter was strenuously contested in the trial court and on appeal here.

Complainant has had the custody of the boy all his life. She holds a position with the Federal Reserve Bank as a stenographer on a salary of $165 a month. She is competent, and has a good reputation. No attack is made on her character. She keeps the boy in a nursery while she is at work. It is shown that this is a good arrangement, and no attack is made on it. She would make the same arrangement for Bettie if she is given her custody. She has always held a position and worked in aid of the family expense. The respondent does not seem to be very successful in holding a good position.

When the boy was born complainant went to Atlanta seeking employment and took him, leaving Bettie with respondent and his mother who had independent means and helped them. Soon afterwards respondent informed her she could get a job in Birmingham, where they lived, and she returned and lived with respondent and Bettie in his mother's home, while she did her work, paying $10 a week to the mother. But she could not live satisfactorily in the home of his mother. The latter appeared to be an independent dominant woman who controlled everything around her. Complainant wanted her own home free from such influence. She was very unhappy, but had no specific complaint either as to the mother-in-law or respondent of a serious sort, though he did sometimes drink too much and did not have steady work. In 1938 she rented an apartment and moved into it with her son. Respondent did not move with her, but frequently visited her and spent nights with her and they on such occasions observed the ordinary functions of man and wife. Complainant was working and meeting all her expenses. Bettie was with respondent and his mother, though she frequently visited her mother. This continued until August 1942, when he was to be inducted into the Army, and asked complainant to sign a paper giving the custody of Bettie to his mother. This was horrible to her, and she realized that he had no intention of making a home for them. The matter of army service does not seem to be now involved. She then started proceedings in the Juvenile Court for the custody of Bettie, and their marital relations ceased. On September 8, 1943, that court declined to interfere with the existing status after a hearing before the judge. On March 11, 1945, this suit was filed. The parties and witnesses appeared before the trial judge, in the Circuit Court, in Equity, in Birmingham. After such hearing, he likewise decided to allow the existing status to remain.

We do not think the welfare of the child Bettie would be materially jeopardized by either leaving her with respondent and his mother, or by awarding her to complainant. She is well cared for as she is now situated and would be so in the custody of her mother so far as the evidence shows.

Complainant seems to have done her part better than respondent has in making their marriage a success. In establishing her own apartment, it was not to leave him. He had free access to it and to her. He preferred to make his home with his mother. Complainant could not do that and live in a normal satisfactory manner. She did not surrender the custody of Bettie, but simply did not take her away. But Bettie has lived as and where she is since her infancy, and is well cared for, and is in the custody of her father, and two courts have decided to let her remain so. Of course this is always in a sense temporary. Whenever there is a change of conditions which make it to her interest to change her custody, the court has jurisdiction to do so. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Decker v. Decker, 176 Ala. 299, 58 So. 195.

We cannot see that she would be better situated at the present time by awarding her custody to complainant. The decree makes provision for her mother to see and visit her at all reasonable times and places.

No complaint has been made in that respect in their past relations, and if any should arise the trial court has full power to make such order as may be proper at the time.

But under present conditions, we do not see that it would be better to make any change in respect to the custody of Bettie. That is the only feature of the decree under attack, and it is therefore affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.