30 So.2d 444

### GREENE v. GREENE.

### 6 Div. 560.

Supreme Court of Alabama.

May 8, 1947.

Jackson, Rives & Pettus, of Birmingham, for appellant.

Parsons, Wheeler & Rose, of Birmingham, for appellee.

GARDNER, Chief Justice.

The appeal is from a final decree granting the petition for modification of an original divorce decree entered on April 6, 1946, wherein the custody of the minor child was awarded to the father, William Westley Greene, Jr., appellant here.

In the divorce decree the husband, William Westley Greene, Jr., was divorced from Barbara Greene, and the decree contained the following provision: "Pursuant to the agreement of the parties filed in this cause, it is further ordered, adjudged and decreed as follows: A. That the care, custody and control of the minor child of the marriage, namely, William Westley Greene III is awarded to the Complainant, the Father, with the right to Respondent, the Mother, to see and be with the child at such reasonable times as will not interfere with its proper care, custody, control and education."

Some nine months thereafter, on January 22, 1947, the mother filed her petition for modification of this decree seeking the custody and control of her minor child. The cause was heard on oral proof before a circuit judge of the Tenth Judicial Circuit other than the judge who delivered the original decree, with the result that the petition for modification was granted and the child taken from the father and given to the mother.

Fully conscious of a deep sense of responsibility in cases of this delicate nature, the evidence has been read and studied with painstaking care. No detailed discussion will here be undertaken as it would serve no useful purpose. We will merely state in general outline the reasons which compel us to a conclusion contrary to that of the learned trial judge.

The father is a young man twenty-two years of age, living with his father, mother and sister in the city of Birmingham; his parents owning their home, and it is quite evident they are good substantial people. The father is now attending school under the GI Bill of Rights, having served in the Navy overseas. While he was thus overseas the mother, then his wife, on February 24, 1946, wrote him a letter requesting that he consent to a divorce. She stated that she understood his mother wanted the baby and that it was all right with her. She let him know that she didn't love him, and that she wanted his mother to have the baby and "that is the way it will be in the divorce." This father was evidently much surprised to learn of his wife's desire for a divorce, and it is evident he had given no occasion for such a change of attitude. Upon his return in April, 1946, she consulted with an attorney, and it appears that in course of time both of them talked over the divorce matter with the attorney. This attorney testifies in the case. His testimony shows clearly that it was the wife who was in fact seeking the divorce, and he was somewhat surprised at her willingness as a young mother to so readily give up the custody of her child. He thought this was unusual; and the fact that she so consented is expressed in the decree itself. The wife seems to have given as her reason that she was without funds to care for the child and that her mother with whom she lived did not want that responsibility. The child in question was only one year old at the time the decree was rendered, having been born in April, 1945. It is now approaching its second year.

During the nine months that the father was given the custody of this child it has been cared for at the home of his parents, where this paternal grandmother, undisputedly, keeps the house and gives it every attention and care. The mother of this child proposes to give up work, keep house for her own mother, who also works, and in whose home other members of the family reside. It is clear enough that the home in which this child was placed by agreement of the parties as expressed in the divorce decree was the best arrangement that could have been made at that time for its welfare,

and, indeed, there is nothing in this record to indicate that it is not the best arrangement now existing.

■ The trial court evidently was induced to modify the final decree upon the theory that the petitioner was the mother and that the child was of tender years. We recognize fully the force of such line of reasoning. And we have given expression to these views and to the value of mother's care in a number of our decisions, among them, Goldman v. Hicks, 241 Ala. 80, 1 So. 2d 18; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392; Long v. Long, 239 Ala. 156, 194 So. 190; Thomas v. Thomas, 212 Ala. 85, 101 So. 738. But, this court on numerous occasions has made the observation that a parent may forfeit his or her prima facie right to the custody of the child by conduct. And the relinquishment of such custody to another and continued acquiescence therein are matters to be considered by the court in determining the question of prime importance—the welfare of the child. Payne v. Payne, 218 Ala. 330, 118 So. 575, 576. This court quoted with approval the following from the Supreme Court of Virginia (Stringfellow v. Somerville, 95 Va. 701, 29 S.E. 685, 40 L.R.A. 623): "Where a parent has transferred to another the custody of his infant child by fair agreement, which has been acted upon by such other person to the manifest interest and welfare of the child, the parent will not be permitted to reclaim the custody of the child, unless he can show that a change of the custody will materially promote his child's welfare."

Like observations are to be found in Jackson v. Farmer, 247 Ala. 298, 24 So.2d 130, where numerous authorities are cited, including an earlier case of Children's Aid Soc. v. Davis, 211 Ala. 344, 100 So. 325.

■■ There are other principles which militate against the granting of relief to the mother in this case. True, we have often declared that the question of rightful custody of the child is never res judicata. But we have also stated that it does not follow that a former decree of a court of competent jurisdiction awarding the custody to one of two contesting parties is to be accorded no weight in later proceedings. Judicial findings upon the same, or substantially the same, conditions are presumed correct. The burden is on the party seeking a change of custody to show some change of conditions or other substantial reason therefor. Courts disfavor oft-repeated, harassing litigation over the custody of infants. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580.

■ This matter of changed conditions was stressed also in more recent cases of Boyd v. Boyd, 247 Ala. 335, 24 So.2d 444; White v. White, 247 Ala. 405, 24 So.2d 763; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205. We are of the opinion that no substantial change in conditions has been made to appear, nor have any pertinent facts existing at the time of the final decree come to light (Sparkman v. Sparkman, supra), nor can we find in the record any substantial reason for the change of custody. For some reason, not fully disclosed by the record, the mother has simply changed her mind. Her testimony indicates some dissatisfaction with the matter of visitation and the temporary custody of her child. But we are not impressed that this is a matter of any serious consequence. At any event it was a matter which could readily be remedied by an application to the court, which has full authority to regulate the question of visitation and temporary custody. The testimony of the father tends to show that the mother had become interested in a "boy friend" whom she knew before the marriage. But this the mother denies, and she now declares her willingness to be re-united, to which the husband will not agree. It is clear enough that it was she who thus suddenly and without previous warning disrupted the marriage relationship and first sought the divorce.

■ We are not unmindful of the fact that this cause was tried before the court on oral testimony. But we feel impelled to the conclusion that the decree rendered overlooked the principles of law applicable to the facts, which were practically without any serious dispute. What was said in Fort v. Fort, 246 Ala. 83, 18 So.2d 870, 872, is equally applicable here, as disclosed by the following quotation: "We are fully mindful of the due weight to be accorded the conclusions of the trial judge before whom the

parties and witnesses appeared and testified. Yet it seems clear that he has erred, not so much in conclusions of facts, as in the application of the governing principles of law, and in such a case our responsibility is to adjudicate the cause in this light." See also Chandler v. Whatley, 238 Ala. 206, 189 So. 751; White v. White, supra; Payne v. Payne, supra.

We may add that the original decree of divorce gave to this mother the right of visitation which we may well assume will be fully protected by the court below should occasion arise.

· It results as our conclusion, therefore, that the decree of the lower court should be reversed and one here rendered dismissing the petition. We remand the cause to the court below for an appropriate order of restitution of the custody of the child to the father, as originally decreed.

Reversed, rendered and remanded.

All the Justices concur.