276 So.2d 613

**Barbara G. PONDER**

v.

**Jack M. PONDER, III.**

**Civ. 35.**

Court of Civil Appeals of Alabama.

April 18, 1973.

Fred F. Smith, Jr., Fairhope, for appellant.

No brief for appellee.

WRIGHT, Presiding Judge.

On May 9, 1969, a divorce was rendered between the parties in this cause. Though appellee, Jack Ponder, III, was the complaining party in the action for divorce, alleging abandonment, and received the relief sought in his bill of complaint after answer and waiver of Barbara Ponder, custody of the two female children was granted to Barbara Ponder under an agreement of the parties. By the agree-

ment, incorporated in the decree, custody with support in the sum of $200 per month was given to the mother.

On the 15th of April, 1970, Ponder filed a petition for modification of the decree as to custody alleging that he had had custody of the children since June of 1969, and they had resided with him and attended school in Mobile during the school term of 1969–1970. It was averred and the testimony disclosed that Mrs. Ponder was a graduate student at the University of Alabama in Tuscaloosa pursuing a Master's Degree. She had asked the father to keep the children during the school year so she could obtain her degree. He agreed to do so. Such custody was agreed to be merely temporary.

Upon hearing orally of the petition to modify, the court denied the requested change in custody. Another petition to modify custody was filed by Mr. Ponder on July 12, 1972. The allegations of this last petition generally were that subsequent to the denial of the first petition to modify, Mrs. Ponder had divorced the husband to whom she was then married. She had obtained her Master's Degree in music and was enrolled in Florida State University seeking a doctorate degree in music. Due to her attendance at school she would be unable to care for the children properly. That petitioner had remarried and had a good home in Mobile. That the best interest of the children would be served by awarding him their custody.

At the time of filing the petition the children were in the custody of petitioner for the month of July. The court entered a temporary order ex parte, directing custody to remain in petitioner until a hearing on the petition.

The mother responded to the petition by answer on July 18, 1972, alleging that the children were then in the custody of petitioner in accordance with the provisions of the original decree. She admitted that she was enrolled at Florida State University seeking a doctorate degree, but that she had rented a proper home for herself and the children and that they would be attending school while she was attending her classes. She averred that petitioner's new wife had two small children who were living in the home of petitioner.

Testimony on petition and answer was heard orally and decree rendered on August 17, 1972. The decree changed custody from the mother to petitioner with rather elaborate provisions for visitation during holidays and temporary custody in the mother during summer months. The court specifically stated that the decree was not to be construed as a finding that the mother was not a fit and proper person to have custody of the children, but that the change in custody was being made because of changes in circumstances of the parties. The decree related such change to be the marriage and divorce of the mother since the decree of 1969; her determination to continue her education, and the fact that the father is now married and maintains a home with a wife to be with the children during the day. There is a statement in the decree that the change in custody is only until such time as the mother completes her education, is gainfully employed or is otherwise in a stable condition.

The testimony adduced at the hearing was clearly to the effect that both parents are fit and suitable to have custody of the children. The mother, though attending college, has procured a suitable home and is prepared for caring for the children. They are girls of the ages of ten and thirteen. They are of school age and would be in school while the mother is attending her classes. There is no indication from the record that the marriage and divorce of the mother has involved the children. There was evidence tending to show the cause of the dissolution of the marriage of the mother was due to her concern for the children and a difficult relationship with petitioner.

■ It is axiomatic to review of decrees of *modification as to custody of children* that such a decree should be entered only upon proof of a material change of circumstances of the parties since the prior decree, which change of circumstances is such as to affect the welfare and best interest of the child or children involved. Greene v. Greene, 249 Ala. 155, 30 So.2d 444. A prior decree of custody is assumed correct and in the absence of proof of changed conditions or other substantial reason for its modification it should not be disturbed. The burden of showing a change of circumstances which affects the best interest and welfare of the children is upon the petitioner. Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797; Sparks v. McGraw, 270 Ala. 159, 117 So.2d 372.

■ Our review of the testimony discloses no evidence whatever that the health, security or welfare of the children has been affected by any change in the conditions or circumstances of the parties. It is impossible for divorced parents to live three years without some change in circumstances, conditions or status. The mere fact of change is not conclusive, it must be shown that such change is detrimentally affecting the children. We can see no reasonable inference to be drawn that the matters listed as change of circumstances in the decree of the court has or will so affect the children if they remain in the custody of the mother.

The marriage and divorce of the mother and custodian is an accomplished fact and to be regretted as a personal failure, but there is nothing to indicate any moral decadence involved, but to the contrary, she remains good friends with her last husband and he testified in her behalf in the hearing below.

The desire of the mother to secure a doctorate in music theory and her efforts to accomplish this are laudatory, certainly not derogatory. We can conceive of no

basis for denying her custody of her children because of this, nor can we perceive of any adverse effect upon the children when it is shown without rebuttal that proper housing has been provided and good schools are nearby. At the time of the original decree and the first denial of modification, the mother was enrolled in the University of Alabama working toward a Master's Degree which she subsequently obtained. There is no indication in the testimony that such was adverse to the welfare of the children. In fact, appellee agreed at that time that her custody would be to their best interest. Her pursuit of her doctorate at another university after the children have reached school age and require less supervision has not been shown as a change of circumstances affecting the welfare of the children.

■ Since it is not shown that custody of the mother has been adverse to the welfare of the children, the acquiring of the father of a new wife with two children of her own, and a large home in Mobile in which the children could live, is not a circumstance indicating a need for change of custody. Wren v. Stutts, 258 Ala. 421, 63 So.2d 370; Raines v. Baucom, 270 Ala. 706, 121 So.2d 870. Improved financial circumstances of one party, or the acquisition of a sumptuous home, is not a controlling circumstance for change of custody. Fort v. Fort, 246 Ala. 83, 18 So.2d 870.

■ Appellant has assigned as error that the trial court in its decree failed to properly apply the law to the facts. We must agree. As heretofore stated, the trial court found no fault with the appellant as a mother nor as custodian of her children. It specifically reiterated its finding in the two prior decrees—that appellant was a fit and proper custodian. Yet, change of custody was ordered upon a finding of change of circumstances. We must hold that such stated changes, if supported by the evidence, are not of themselves sufficient to support the decree of modification. We

hold that the trial judge has improperly applied the law to the evidence and therefore the decree should be reversed. Anonymous v. Anonymous, supra. Since the decree is reversed the original decree of May 9, 1969, shall remain in effect.

We realize that since the entering of the decree here appealed from the children have been in the custody of appellee. This has been almost ten months. They have been in school in Mobile and should not be removed until the school term has ended. The tragedy of custody fights and changes is most often reflected in the lives of the children. It is for that reason that courts should frown upon rehearing cases and repeated petitions for modification of custody based largely upon the desires of the parties. Greene v. Greene, supra.

We direct that custody remain in the appellee until the end of the present school term, at which time the decree of May 9, 1969 shall be in effect.

Reversed and remanded with directions.

BRADLEY and HOLMES, JJ., concur.