310 So.2d 234

In re Harriet C. FORD

v.

Gerald Lamar FORD.

Ex parte Harriet C. Ford.

SC 1111.

Supreme Court of Alabama.

March 13, 1975.

Richard D. Lane, Auburn, James T. Gullage, Opelika, for petitioner.

No brief for respondent.

MERRILL, Justice.

The trial court denied a petition for modification of a decree of custody which granted the custody of a girl child to her father with the mother having the child on alternate weekends.

The Court of Civil Appeals considered three asserted errors and affirmed the decree of the trial court. 54 Ala.App. ——, 310 So.2d 230.

Petitioner raises three points in her petition for writ of certiorari. Two are without merit, but the third raises a valid question but not one sufficiently prejudicial to require the granting of the writ of certiorari.

In its opinion, the Court of Civil Appeals states:

"In order to support a petition for modification of custody, the petitioner must produce evidence of a material change of circumstances of the parties occurring since the last prior decree which *adversely* affects the welfare and best interest of the child to such an extent that a change in custody is warranted or required. Ponder v. Ponder, 50 Ala.App. 27, 276 So.2d 613." (Emphasis supplied.)

Petitioner correctly argues that the use of the word "adversely" limits the law as stated in our cases. The *Ponder* case, cited supra, does not contain the word "ad-

versely," and the opinion in *Ponder* cites Greene v. Greene, 249 Ala. 155, 30 So.2d 444. In *Greene,* this court quoted with approval a portion of a quotation from Stringfellow v. Somerville, 95 Va. 701, 29 S.E. 685, 40 L.R.A. 623, the latter part of which reads: " * * * the parent will not be permitted to reclaim the custody of the child, unless he can show that a change of the custody will materially *promote* his child's welfare." (Emphasis supplied).

The rule is correctly stated in *Ponder,* supra, as follows:

"It is axiomatic to review of decrees of modification as to custody of children that such a decree should be entered only upon proof of a material change of circumstances of the parties since the prior decree, which change of circumstances is such as to affect the welfare and best interest of the child or children involved. Greene v. Greene, 249 Ala. 155, 30 So.2d 444. A prior decree of custody is assumed correct and in the absence of proof of changed conditions or other substantial reason for its modification it should not be disturbed. The burden of showing a change of circumstances which affects the best interest and welfare of the children is upon the petitioner. Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797; Sparks v. McGraw, 270 Ala. 159, 117 So.2d 372."

We approve the quoted paragraph from the opinion in the instant case with the omission of the word "adversely."

The opinion of the Court of Civil Appeals is corrected and the petition for writ of certiorari is denied.

Opinion corrected and writ denied.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.