WRIGHT, Presiding Judge.
This is a child custody case.
Elizabeth and William Rey were divorced in April 1985. The decree of divorce adopted an agreement between the parties giving custody of their minor child, Robert, to the mother. The father received extensive visitation rights in the agreement which were also incorporated in the decree. In November 1985, the father filed a petition for change in custody together with a motion for a finding of contempt. The motion alleged that the mother had violated the visitation agreement contained in the divorce decree. The court heard the petition and the motion in December 1985 and entered an order granting temporary custody to the father. In May 1986 a hearing was held to determine permanent custody of the child. After evidence was given ore tenus, the court entered an order changing permanent custody of the minor child to the father. The mother appeals the trial court’s decision.
The standard which must be met in any child custody modification case is a stringent one. The parent seeking to change custody must meet the heavy burden of showing that the change of custody would materially promote the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Our review of cases in which evidence was given ore tenus is limited. We review the judgment of the trial court with a presumption of correctness and will not reverse on appeal except for abuse of discretion, or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App.1985). Each case of child custody must be determined upon its own facts.
The evidence presented in this case reveals that while the mother and son were *2 visiting her parents in West Palm Beach, Florida, the mother was informed of a job available immediately in West Palm Beach with a local church. Due to the prior visitation agreement, the child was scheduled to be returned to his father within several days. The mother accepted the job, notified the father of her move and requested that they work out a new visitation arrangement. The father subsequently filed his petition for change of custody and motion for contempt. The father contends that the mother’s move to Florida reflects instability in her life. He further contends that this instability adversely affects the child. He maintains that a change in custody materially promotes the child’s best interests because he can provide a stable homelife which the mother cannot, as he contends is evidenced by her sudden move to Florida. We consider that the mother’s accepting a new job, enrolling her son in a church school and locating a comfortable home for herself and the child does not constitute an unstable environment. The record reveals that the mother has provided a good home for her son. The child had been doing well in school under the mother’s custody, and there was evidence that his grades had improved.
We have examined the evidence and find that both parents are capable of caring for the child, and that both would provide him with a loving, nurturing environment. However, the father failed to show by material evidence, as required by McLendon, that removing custody from the mother would materially promote the welfare and best interest of the child. Thus, we find the judgment of the trial court unsupported by the evidence and an abuse of discretion. That judgment is set aside and custody directed to be returned to the mother.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.