RUSSELL, Judge.
On August 10, 1990, Robyn M. Mitchell (mother) filed a petition requesting that the trial court modify child support and grant a judgment for child support arrearage. She alleged that there had been a change in circumstances since the divorce decree, which was rendered in October 1983 and granted child support of $32 a week. Stanley Wayne Eastep (father) filed a counter-petition for custody of the child and child support. He also filed a petition to add Robert G. Menotti and Jean R. Menotti (maternal grandparents) as necessary parties because they had been given the care, custody, and control of the parties’ minor child in a separate court action in August 1986. The father’s support obligation to the mother was not altered at that time.
The trial court found the father in contempt, granted the mother a judgment in the amount of $12,895.84, and ordered the father to pay child support of $114 per month. The father appeals. We affirm.
The father contends that the trial court erred in awarding a judgment for child support arrearage from August 1986 through August 1991 because, he claims, an award of support must be given to a *988 custodial parent charged with the responsibility and requirements that accompany custody. The husband cites no law to support this claim.
However, we find substantial law holding that a father may not unilaterally reduce child support payments where the decree does not provide for such reduction. Earheart v. Mann, 545 So.2d 85 (Ala.Civ.App.1989). Further, court-ordered payments for child support become final judgments as of the date due, and child support payments that have matured are immune from change. Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App.1989).
In the present case the decree awarding only a change of legal custody to the maternal grandparents, subject to reasonable rights of visitation by the mother and the father, resulted from a separate action brought by the maternal grandparents and modified the divorce decree to that extent. It does not appear that the father even requested a modification in 1986. We find that the portion of the divorce decree awarding child support to the mother remained in effect as did its other provisions. We especially note that, although legal custody was changed to the maternal grandparents in 1986, the mother continued to exercise physical custody and care of the child, and the father failed to pay the court-ordered support from 1983 until 1991.
In view of the above, and this specific fact situation, we cannot find that the trial court erred in awarding a judgment for child support arrearage.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.