I respectfully dissent from the order denying certiorari review, because I believe this case presents a question that deserves our consideration. Specifically, I believe the Court should consider whether the standard of Ex parte McLendon,455 So.2d 863, 865-66 (Ala. 1984) (that a party seeking a modification of a child custody order bears the burden of proving that "a change of the custody [would] materially promote [the] child's welfare"), should apply.
Because the majority denies review without an opinion, I will briefly set out the relevant facts. The parties in this case were divorced in 1991; the court awarded joint custody, with the mother being the primary custodian. The father subsequently petitioned for a modification of the custody order so as to make him the primary custodian or to make him an equal custodian. The trial court denied his petition, holding that he had not met theMcLendon standard. *Page 45 
The Court of Civil Appeals affirmed, without opinion, citingMcLendon. Weiss v. Hiscocks, (No. 2961282) 718 So.2d 44
(Ala.Civ.App. 1998) (table). I believe, however, that there is a valid question whether McLendon applies in this case.
In McLendon, the trial court had previously awarded sole custody to one parent, and it was faced with a request from the noncustodial parent for a modification. In that case, this Court held that a party seeking a change in custody must prove that it would "`materially promote [the] child's welfare.'" 455 So.2d at 866 (quoting Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444,445 (1947), quoting in turn Stringfellow v. Somerville, 95 Va. 701, 29 S.E. 685, 687, 40 L.R.A. 623 (1898)). In adopting that rule, this Court acted on the theory that disruption in and of itself is detrimental to a child and that the reduction of disruption is desirable. McLendon, however, was based on a line of cases in which one party had earlier been awarded sole custody. In this case the initial order granted joint custody, with the mother being the primary custodian.
In Ex parte Couch, 521 So.2d 987 (Ala. 1988), a case in which the trial court had initially granted joint custody, this Court held that the McLendon standard did not apply. In Couch, the parents had been awarded equal custody in the initial custody order. As a result, the Court held that the less burdensome "best interest" standard should be applied in a modification proceeding. In that case, the Court also looked at the policy underlying McLendon, i.e., the policy of minimizing disruption to the child, and determined that that policy was inapplicable in the fact situation in Couch.
The petitioner argues that Couch applies here. He also argues that the rationale of the Court of Civil Appeals in Hovater v.Hovater, 577 So.2d 461 (Ala.Civ.App. 1990), which relied on Couch, should be applied. In Hovater, where the parents had joint custody but the mother was designated the primary custodian, the Court of Civil Appeals held that the "best interest" standard applied, rather than the McLendon standard. The Court of Civil Appeals held that "[w]here there is no prior order grantingexclusive physical custody to one parent, . . . the McLendon
standard is not applicable." 577 So.2d at 464 (emphasis added).
I believe the petitioner has raised a question that merits this Court's consideration. I would grant certiorari review to consider that question. Consequently, I must respectfully dissent.
HOOPER, C.J., concurs.