Because I do not find substantial evidence to support the trial court's judgment, I respectfully dissent.
As the main opinion notes, the divorce judgment in this case awarded the parents shared physical custody of their three children:
 "The wife shall have the primary physical custody of the three (3) children, however, it is contemplated that physical custody shall be shared by the parties so that each shall have close to an equal duration time with the children."
(Emphasis added.) Three and one-half years later, the trial court entered an order that effectively placed sole custody of the children in the mother and relegated the father to "standard visitation" of every *Page 549 
other weekend with his children. This order was entered in the wake of a hearing in connection with a petition by the mother seeking a contempt judgment relating to visitation disputes, and the father's cross-petitions for, among other things, sole physical custody of the children. Neither party had petitioned the court for any reduction in the father's custody rights.
At the time of their divorce, the parties entered into a settlement that described an equal, shared custodial arrangement, but that failed to explain how the arrangement was to work. The arrangement was accepted by the trial court and became part of its divorce judgment. As a result, the father had much more custodial time with his children than he would have received if the court had ordered only standard visitation for the father, rather than shared physical custody. The implementation of this arrangement was somewhat inconsistent until the parties and their attorneys met in July 1999 and actually worked out the details of a shared, equal-time arrangement. Although this equal-time arrangement was agreed upon by the parties as an implementation of the trial court's divorce judgment, their agreement later broke down over a minor dispute concerning which parent was to take one of the children to the doctor. Nonetheless, the fact remains that, for a period of three and one-half years immediately preceding the trial of this case, the father and his three children enjoyed the benefit of a substantial degree of shared physical custody.
It has long been established that:
 "The party seeking modification [of visitation] has the burden of proof, and must establish that there has been such a material change in circumstances since the last custody decree, that the welfare and best interests of the child require the change sought."
In re Stewart, 481 So.2d 899, 901 (Ala.Civ.App. 1985) (custodial parent seeking reduction in visitation by noncustodial parent); Davis v. Davis,451 So.2d 316 (Ala.Civ.App. 1984). Here, the mother was not even "seeking modification" of the father's visitation rights. Nonetheless, treating the mother as the "party seeking modification" for purposes of applying the above-quoted rule, the record does not support the conclusion that the mother met the burden of proving a "material change in circumstances" requiring the change in visitation ordered by the trial court.
In this case, the principal evidence of a change in circumstances since the divorce judgment was the evidence of the mother and stepfather's physical abuse of the children, as well as the stepfather's abuse of his son from a previous marriage. All of the children testified as to the mother's anger and her physical and emotional abuse. The two younger children both testified that they were both "scared" of the mother, and there also was evidence of such fear on the part of the daughter. The trial court apparently concluded that the claims of abuse, and of the children's fear of the mother, had merit since the court ordered the mother to attend anger-management classes as part of its judgment. In the absence of any other intervening changes in circumstances, the court's order increasing the mother's physical custody and decreasing the father's custody is inconsistent with its order that the mother must attend anger-management classes.
Further, all of the children testified and expressed a desire for substantial custodial time with the father. Indeed, the two younger children, the boys, testified that they wanted to live with the father and only visit the mother. Even their older sister, who at some juncture prior to the hearing had expressed a desire to live primarily with the father, testified that she would now like to live with the father on weekends. *Page 550 
In addition, the guardian ad litem appointed to represent the interests of the children submitted a written report in which he recommended "extremely liberal visitation [be] granted to the father and . . . counseling for the mother on anger management and other issues as necessary." (Emphasis added.) While the guardian ad litem's recommendation has no binding effect on the trial court, it is a valid factor. G.C. v. G.D., 712 So.2d 1091, 1095 (Ala.Civ.App. 1997); S.D.,Jr. v. R.D., 628 So.2d 817, 818.
Furthermore, even the testimony of the mother supported a continuation of at least liberal visitation on the part of the father. Specifically, the mother testified that the father should be allowed to see the children on a "fairly liberal basis." (She also testified that she had agreed just a year before trial to try "to work out the equal visitation as much as we could.") The mother gave no testimony to the effect that the children's time with the father should be lessened for any reason.
Finally, the children have been in the physical custody of the father a substantial part of their lives. This evidence also supports the conclusion that it would be in the best interests of the children to continue that custody arrangement. Cf. Ex parte Bryowsky, 676 So.2d 1322,1324 (Ala. 1996) (noting that even an "informal arrangement" and "its impact on the child" would be factors to be considered in determining whether a [change] of custody . . . would materially promote the child's welfare).
The original divorce judgment contemplated a sharing of physical custody. In the intervening three and one-half years, evidence surfaced of physical abuse by the mother and her new husband. Two of the children even testified that they were now afraid of the mother. Consequently, the father petitioned for sole custody of the children. For his effort, both the father and the children have now lost the benefit of the more substantial custodial arrangement they enjoyed before these proceedings began.
In Hallford v. Hallford, 390 So.2d 295 (Ala.Civ.App. 1980), this court explained:
 "[T]he party seeking to modify the child custody decree [has] the burden of proving a material change in circumstances since the last custody decree which has so affected the welfare and best interests of the children as to require a change in custody. . . .
 ". . . [T]he evidence produced by [that party] . . . was at best conflicting and inconclusive and, at worst, nonexistent."
390 So.2d at 296. The Hallford court concluded its analysis by declining to overturn the trial court's judgment because, in that case, "the finding of the trial court was not contrary to the great weight of the evidence."[1]
Stewart and Hallford rely upon a line of cases, one of the earlier of which is Ponder v. Ponder, 50 Ala. App. 27, 276 So.2d 613 (1973). InPonder, we observed that:
 "It is axiomatic to review of decrees of modifications as to custody of children that such a decree should be entered only upon proof of a material change of circumstances of the parties since the prior decree, which change of circumstances is such as to affect the welfare *Page 551 
and best interest of the child or children involved. Greene v. Greene, 249 Ala. 155, 30 So.2d 444
[(1947)]. A prior decree of custody is assumed correct and in the absence of proof of changed conditions or other substantial reason for its modification it should not be disturbed. The burden of showing a change of circumstances which affects the best interest and welfare of the children is upon the petitioner. . . .
 "Our review of the testimony discloses no evidence whatever that the health, security or welfare of the children has been affected by any change in the conditions or circumstances of the parties. It is impossible for divorced parents to live three years without some change in circumstances, conditions or status. The mere fact of change is not conclusive; it must be shown that such change is detrimentally affecting the children. We can see no reasonable inference to be drawn that the matters listed as change of circumstances in the decree of the court has or will so affect the children if they remain in the custody of the mother."
50 Ala. App. at 30, 276 So.2d at 615 (reversing trial court's modification of custody).[2]
Despite the evidence outlined above, the trial court rejected the father's request for a change in custody. Instead of simply denying the father's custody petition, however, the trial court went a step further and, without any explanation or stated justification, interposed its standard visitation guidelines, thereby substantially reducing the time the children will now be spending with their father. The trial court's order essentially converted the father's role from one of joint physicalcustodian to that of a noncustodial parent with every-other-weekendvisitation. Such a change cannot be ordered without substantial evidence of a material change in circumstances. Here, the evidence of changes in circumstances favored more custody for the father, not less.
The trial court's order reducing the father's visitation fails to articulate a legal standard or to articulate any factual findings that would satisfy such standard, and was not one requested by either party, nor tried by their implied consent. Accordingly, and based on the evidentiary record before us, I conclude that it was both an arbitrary exercise of discretion and against the great of the evidence. The father and the children were penalized by the father's pursuit of a custody arrangement he thought was necessary for the protection of his minor children. I believe the trial court's order was palpably wrong, and I therefore respectfully dissent.
Pittman, J., concurs.
[1] In Odom v. Hull, 658 So.2d 442 (Ala. 1995), our Supreme Court explained:
 "Where ore tenus evidence is presented to the trial court, a presumption of correctness exists as to the court's findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence."
658 So.2d at 444.
[2] Ponder, in turn, relied upon the seminal case of Greene v. Greene,249 Ala. 155, 30 So.2d 444 (1947). In Greene, our Supreme Court acknowledged:
 "True, we have often declared that the question of rightful custody of the child is never res judicata. But we have also stated that it does not follow that a former decree of a court of competent jurisdiction awarding the custody to one of two contesting parties is to be accorded no weight in later proceedings. Judicial findings upon the same, or substantially the same, conditions are presumed correct. The burden is on the party seeking a change of custody to show some change of conditions or other substantial reason therefor. . . .
 "This matter of changed conditions was stressed also in more recent cases. . . . We are of the opinion that no substantial change in conditions has been made to appear, nor have any pertinent facts existing at the time of the final decree come to light . . ., nor can we find in the record any substantial reason for the change of custody."
249 Ala. at 157, 30 So.2d at 445-46. *Page 552