MURDOCK,
Judge, concurring in the result.
I write separately to note my understanding that the presumption recognized by our Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984), is applicable when there has been a prior judgment awarding physical custody of a child to either a parent or a nonparent (or a voluntary relinquishment or forfeiture of the physical custody of a child), and the same has been “ ‘acted upon by such other person to the manifest interest and welfare of the child.’ ” 455 So.2d at 865-66 (quoting Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444, 445 (1947)); Kaiser v. Kaiser, 868 So.2d 1095, 1101 n. 2 (Ala.Civ.App.2003); R.K v. R.J., 843 So.2d 774, 777-78 (Ala.Civ.App.2002); Dilorio v. Long, 839 So.2d 650, 652-53 (Ala.Civ.App.2001) (plurality opinion). See Spears v. Wheeler, 877 So.2d 607, 609 (Ala.Civ.App.2003) (Murdock, J., dissenting) (reviewing applicable authority). See also R.O.M. v. B.B., 854 So.2d 98, 100 (Ala.Civ.App.2003). Having said that, I concur in the result reached by the main opinion.