I join Judge Yates's dissent. I write separately to comment upon an aspect of the main opinion that is not addressed by Judge Yates.
The main opinion states that "[t]he burden imposed by Ex parteMcLendon [, 455 So.2d 863 (Ala. 1984),] requires that the mother prove both that the children's best interest would be materially promoted by a change in custody and that the inherent disruption caused by a change in custody would be offset by the good brought about by the change in custody." 893 So.2d at 1233 (second emphasis added). This statement implies that the "material promotion" standard and the requirement that the good that will be brought about by a change in custody will more than offset the disruption that will be brought about by that change are two separate standards. Ex parte McLendon, however, does not characterize them as such. To the contrary, whether a change in custody will result in the promotion of a child's interest that is "material" depends upon (that is, is defined by) whether the good that will be brought about by the proposed change will more than offset the disruptive effect of that change. This is evident from the manner in which the McLendon opinion first states the "material promotion" standard and then, in successive paragraphs, proceeds to restate that standard with terminology that the Supreme Court clearly considered to be more informative of the standard:
"The correct standard in this case is:
 "`Where a parent has transferred to another [whether it be a non-parent or the other parent], the custody of h[er] infant child by fair agreement, which has been acted upon by such other person to the manifest interest and welfare of the child, the parent will not be permitted to reclaim the custody of the child, unless [s]he can show that a change of the custody will materially promote h[er] child's welfare.'
 "Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444, 445 (1947), quoting the Supreme Court of Virginia, Stringfellow v. *Page 1235 Somerville, 95 Va. 701, 29 S.E. 685, 687, 40 L.R.A. 623 (1898).
"Furthermore,
 "`[This] is a rule of repose, allowing the child, whose welfare is paramount, the valuable benefit of stability and the right to put down into its environment those roots necessary for the child's healthy growth into adolescence and adulthood. The doctrine requires that the party seeking modification prove to the court's satisfaction that material changes affecting the child's welfare since the most recent decree demonstrate that custody should be disturbed to promote the child's best interests. The positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child.
Frequent disruptions are to be condemned.'
 "Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976).
 ". . . The parent seeking the custody change must show not only that she is fit, but also that the change of custody `materially promotes' the child's best interest and welfare.
". . . .
 ". . . Although the best interests of the child are paramount, this is not the standard to be applied in this case. It is important that she show that the child's interests are promoted by the change, i.e., that she produce evidence to overcome the `inherently disruptive effect caused by uprooting the child.' Wood v. Wood, 333 So.2d at 828."
Ex parte McLendon, 455 So.2d 863, 865-66 (Ala. 1984) (emphasis added).
Our Supreme Court explained in Ex parte J.M.F.,730 So.2d 1190 (Ala. 1998):
 "It is . . . well established that a noncustodial parent seeking a change of custody must show not only that he or she is fit to have custody, but that the change would materially promote the child's best interest. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). This requires a showing that the positive good brought about by the modification would more than offset the inherently disruptive effect caused by uprooting the child. McLendon."
Ex parte J.M.F., 730 So.2d at 1194 (emphasis added). Consistent with this statement of our Supreme Court in Ex parte J.M.F., the plurality opinion in DiIorio v. Long, 839 So.2d 650, 655
(Ala.Civ.App. 2001), explained: "As McLendon indicates, whether . . . the promotion of a child's welfare that will result from a custody modification will be material [is] . . . measured against the disruption that will be caused by uprooting the child from the existing custodial arrangement." And in Blackmon v. Scott,622 So.2d 393, 394 (Ala.Civ.App. 1993) (quoted with approval inCarroll v. Carroll, [Ms. 2020787, May 14, 2004] ___ So.2d ___, ___ (Ala.Civ.App. 2004)), we find a reference to the "material promotion" standard as one "requiring the [parent seeking to modify custody] to show that a change in custody would materially promote the welfare and best interests of the child, offsetting the disruptive effect of uprooting the child." See also R.K. v.R.J., 843 So.2d 774 n. 4 (Ala.Civ.App. 2002); Smith v. Smith,865 So.2d 1207, 1211 (Ala.Civ.App. 2003) (Murdock, J., concurring in the result); Gamble v. Segers, 833 So.2d 658, 662
(Ala.Civ.App. 2002) (referring to a parent's burden of demonstrating "how a change of custody will materially promote the best interests and welfare of the child so as to outweigh the disruption caused by such change of custody") (emphasis added); and Riley v. Riley, 882 So.2d 342, 345 (Ala.Civ.App. 2002) (quoting Ex parte J.M.F.). See generally Spears v.Wheeler, 877 So.2d 607, 609 (Ala.Civ.App. 2003) *Page 1236 
(Murdock, J., dissenting), and cases cited therein.
This understanding of McLendon is the only one that, in my view, (a) aligns with a literal reading of the McLendon opinion itself and (b) is logically consistent with the ultimate objective of determining whether a custody modification would be in a child's best interest.