910 So.2d 794 (2005)
T.B.
v.
C.D.L.
2031057.
Court of Civil Appeals of Alabama.
April 8, 2005.
*795 Ellis D. Bingham III, Bessemer, for appellant.
Zachary T. Collins, Montgomery, for appellee.
CRAWLEY, Presiding Judge.
T.B. ("the mother") and C.D.L. ("the father") are the parents of C.T.K.L. ("the child"). The mother and the father were never married. When the child was born in September 1991, the mother was 18 years old and a college student. Her mother, L.E.G.H. ("the maternal grandmother"), sought and received legal custody of the child shortly after the child's birth. However, the child has lived with the mother since the mother moved into her own apartment approximately 11 months after the child was born. The mother sought child support from the father; after his paternity was adjudicated, he was ordered to pay support to the mother and received visitation rights. The parties have litigated child-support and visitation issues several times.
In August 2003, the mother filed a modification petition, seeking to reduce the father's visitation rights. The father, upon learning that the mother planned to move to Georgia, counterpetitioned for a change of custody; he later joined the maternal grandmother as a party. After a trial, the juvenile court awarded custody of the child to the father. The mother appeals.
The mother argues that the juvenile court used the incorrect standard when deciding the custody dispute between her and the father. Specifically, she argues that the juvenile court failed to apply the standard enunciated in Ex parte McLendon, 455 So.2d 863 (Ala.1984), to the father's modification petition and that the juvenile court did not correctly apply the Alabama Parent-Child Relationship Protection Act, codified at Ala.Code 1975, § 30-3-160 et seq. We agree.
The juvenile court's judgment indicates that the maternal grandmother had legal custody of the child. Based on that finding, which the parties do not dispute, the juvenile court concluded that the mother did not have custody of the child and that the father and the mother were on equal footing with respect to their rights to custody of the child. However, the juvenile court's conclusion that the mother did not *796 have custody is erroneous. In 1997, the mother, with the aid of the district attorney's office, sought and received child support from the father. Based upon the award of child support to the mother, we conclude that the mother was also awarded custody of the child at the time the original paternity and child-support judgment was entered and that the award of custody to the mother was reaffirmed by the subsequent modification judgments.[1]See Eastep v. Mitchell, 598 So.2d 987, 988 (Ala.Civ.App.1992) (holding that a judgment awarding maternal grandparents legal custody of a child did not affect a child-support judgment ordering the father to pay the mother child support and noting specifically that the mother "continued to exercise physical custody and care of the child").
Because the mother had been awarded custody, the father was required to meet the burden imposed by Ex parte McLendon to succeed on his modification petition. As this court has recently held, the application of the Alabama Parent-Child Relationship Protection Act not only does not preclude the application of the Ex parte McLendon standard to a request for modification of custody based, in part, on a parent's desire to relocate, but, in fact, it requires that the Ex parte McLendon standard, in addition to the factors outlined in the Act, be considered by a trial court faced with the issue after the trial court has made the initial determination regarding whether the child's best interests would be served by the relocation. Clements v. Clements, 906 So.2d 952, 957-58 (Ala.Civ.App.2005). The juvenile court's judgment indicates that it concluded that the child's best interests would be served by the father being awarded custody. Although the judgment also makes reference to the benefit of the change in custody outweighing the disruption caused by that change, the juvenile court's comparison of the disruption caused by the proposed move to Georgia and the disruption caused by the change in custody from the maternal grandmother is based on the faulty conclusion that the mother did not have a superior custody right over the father. Accordingly, we reverse the judgment of the juvenile court and remand this cause to that court for it to determine whether the father met his burden under Ex parte McLendon. The juvenile court should continue to apply the Alabama Parent-Child Relationship Protection Act to the present case.
The father's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs specially, with writing, which PITTMAN, J., joins.
MURDOCK, J., concurs specially, with writing, which BRYAN, J., joins.
THOMPSON, Judge, concurring specially.
I concur with the main opinion but write to emphasize that this court's reversal of the juvenile court's judgment is based upon the juvenile court's application of the best-interest standard rather than the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), to the facts of this case. It is not a reversal that dictates any particular result on remand.
PITTMAN, J., concurs.
MURDOCK, Judge, concurring specially.
I concur in the main opinion. The juvenile court required the father to meet the *797 Ex parte McLendon, 455 So.2d 863 (Ala.1984), standard as against the maternal grandmother. The juvenile court should have required the father to meet the McLendon standard as against the mother. The McLendon standard applies when (1) there has been "a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a nonparent," 455 So.2d at 865, and (2) the transfer of custody "`has been acted upon ... to the manifest interest and welfare of the child.'" Id. (quoting Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444, 445 (1947)). It appears that both of these factors are present in this case.
While I agree that the latter prong of the McLendon standard appears to be met in this case, that does not foreclose an inquiry on remand into the degree of disruption that will result from the proposed change of custody (which disruption "`[t]he positive good [to be] brought about by the modification must more than offset,'" see Ex parte McLendon, 455 So.2d at 865 (quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976))), or a recognition that the disruptive effect of the proposed custodial change in this case likely will be less than it otherwise would be because it is the custodial parent who is moving out of state and the noncustodial parent who is remaining in the same locale in which the child has resided. See Ex parte Couch, 521 So.2d 987, 989 (Ala.1988) ("The reason for the stricter [McLendon] standard after custody has been determined once, is that uprooting children and moving them can be traumatic. Therefore, the benefit of moving the children must outweigh the potential harm.").
BRYAN, J., concurs.
NOTES
[1] The record does not contain a copy of the original paternity and child-support judgment or any subsequent modification judgments.