MURDOCK, Judge,
concurring specially.
I concur in the main opinion. The juvenile court required the father to meet the *797 Ex parte McLendon, 455 So.2d 863 (Ala. 1984), standard as against the maternal grandmother. The juvenile court should have required the father to meet the McLendon standard as against the mother. The McLendon standard applies when (1) there has been “a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a nonparent,” 455 So.2d at 865, and (2) the transfer of custody “ ‘has been acted upon ... to the manifest interest and welfare of the child.’ ” Id. (quoting Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444, 445 (1947)). It appears that both of these factors are present in this case.
While I agree that the latter prong of the McLendon standard appears to be met in this case, that does not foreclose an inquiry on remand into the degree of disruption that will result from the proposed change of custody (which disruption “ ‘[t]he positive good [to be] brought about by the modification must more than offset,’ ” see Ex parte McLendon, 455 So.2d at 865 (quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976))), or a recognition that the disruptive effect of the proposed custodial change in this case likely will be less than it otherwise would be because it is the custodial parent who is moving out of state and the noncustodial parent who is remaining in the same locale in which the child has resided. See Ex parte Couch, 521 So.2d 987, 989 (Ala.1988) (“The reason for the stricter [McLendon ] standard after custody has been determined once, is that uprooting children and moving them can be traumatic. Therefore, the benefit of moving the children must outweigh the potential harm.”).
BRYAN, J., concurs.