MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write separately to comment on the citation by the Court of Civil Appeals to Watters v. Watters, 918 So.2d 913 (Ala.Civ.App.2005), for the proposition that the mother had a “burden of showing that a material change of circumstances had occurred that affected, the child’s welfare since the last custody order” and of “demonstrat[ing] how this change ... has affected the child’s welfare or best interest.” Davis v. Blackstock, 47 So.3d 796, 800 (Ala.Civ.App.2007). See Watters, 918 So.2d at 916 (“the party seeking the modification of custody must prove ‘a material change of circumstances of the parties since the prior [judgment], which change of circumstances is such as to affect the welfare and best interest of the child or children involved’ ” (quoting Ponder v. Ponder, 50 Ala.App. 27, 30, 276 So.2d 613, 615 (Civ.App.1973))).
I find these articulations of the standard for modifying custody, including the above-cited articulation provided by Watters itself, to be potentially confusing and misleading. First, I note that it is not necessary to show a change of circumstances that has adversely affected the child’s interests. As the opinion in Watters, itself, notes:
“Although some older custody cases indicated that an adverse impact on a child must be shown before a parent would be entitled to a change of custody, see, e.g., Lewis v. Douglass, 440 So.2d 1073 (Ala.Civ.App.1983), overruled by Ex parte McLendon, 455 So.2d [863,] 866 [ (Ala.1984) ], and Simpson v. Gibson, 420 So.2d 782 (Ala.Civ.App.1982), overruled by Ex parte McLendon, 455 So.2d at 866, our supreme court has, on more than one occasion, clearly stated that custody modifications do not require proof of a material change of circumstances that has adversely or detrimentally impacted the child. See Ex parte Murphy, 670 So.2d 51, 53 (Ala.1995); Ex parte McLendon, 455 So.2d at 866; and Ford v. Ford, 293 Ala. 743, 744, 310 So.2d 234, 235 (1975) (correcting a statement of the law from an opinion of the Court of Civil Appeals regarding custody modifications by omitting the word ‘adversely’). Instead, the party seeking the modification of custody must prove ‘a material change of circumstances of the parties since the prior [judgment], which change of circumstances is such as to affect the welfare and best interest of the child or children involved.’ Ponder v. Ponder, 50 Ala.App. 27, 30, 276 So.2d 613, 615 (Civ.App.1973).”
918 So.2d at 916.
More generally, the standard as articulated in the opinion of the Court of Civil Appeals and in Watters suggests that the change of circumstances, itself, must have had an effect on the child’s “welfare and best interest.” I believe a clearer way to express the operative standard is to say simply that the party seeking the custody modification must show (1) a material change in circumstances since the prior judgment and (2) that a change of custody in response to that change in circumstances will be in the child’s best interest.