MURDOCK, Justice
(dissenting).
I am concerned that the Court of Civil Appeals may have substituted its judgment for that of the trial court in this case. As the Court of Civil Appeals observed:
“ ‘ “ ‘[T]he trial court is in the better position to consider all of the evidence, as well as the many inferences that may be drawn from that evidence, and to decide the issue of custody.’” Ex parte Patronas, 693 So.2d 473, 475 (Ala.1997) (quoting Ex parte Bryowsky, 676 So.2d [1322] at 1326 [ (Ala.1996) ]). “Thus, appellate review of a judgment *552 modifying custody when the evidence was presented ore tenus is limited to determining whether there was sufficient evidence to support the trial court’s judgment.” Cheek v. Dyess, 1 So.3d 1025, 1029 (Ala.Civ.App.2007) (citing Ex parte Patronas) (emphasis added). Under the ore tenus rule, where the conclusion of the trial court is so opposed to the weight of the evidence that the variable factors of a witness’s demeanor and credibility and the inferences that can be drawn from the evidence, even after considering those factors, “ ‘ “could not reasonably substantiate it, then the conclusion is clearly erroneous and must be reversed.’”” Cheek, 1 So.3d at 1029 (quoting B.J.N. v. P.D., 742 So.2d 1270, 1274 (Ala.Civ.App.1999), quoting in turn Jacoby v. Bell, 370 So.2d 278, 280 (Ala.1979) (emphasis added)).’ ”
Kilgore v. Kilgore, 100 So.3d 544, 548 (Ala.Civ.App.2012) (quoting Ex parte Blackstock, 47 So.3d 801, 805-06 (Ala.2009)).
As the Court of Civil Appeals correctly notes, when there is a preexisting judgment awarding joint physical custody (as there was here) a parent seeking a change of custody must prove (1) “ ‘a material change of circumstances since that judgment was entered’ ” and (2) “ ‘ “ ‘that it [is] in the [child’s] best interests that the [judgment] be modified’ ” in the manner requested.’ ” 100 So.3d at 549 (quoting Ex parte Blackstock, 47 So.3d at 805, quoting, in turn, other cases). The purpose of the first prong, a material change of circumstances, is to overcome the res judicata effect, i.e., the finality, of the prior judgment. See Self v. Fugard, 518 So.2d 727, 730 (Ala.Civ.App.1987) (explaining that child-custody determinations are “final with respect to the particular set of circumstances currently before the court ” but that a court “may modify its original decree upon a showing of a material change in circumstances”); Ford v. Ford, 293 Ala. 743, 744, 310 So.2d 234, 235 (1975) (“A prior decree of custody is assumed correct and in the absence of proof of changed conditions or other substantial reason for its modification it should not be disturbed.”). With the bar of res judicata removed, the touchstone for the court considering the custody-modification request becomes simply what is in the child’s “best interests” at that juncture in the child’s life.
We are presented in this case with an order in which the trial court did not include an express determination that there had been a material change of circumstances. The words “material change of circumstances” appear nowhere in the trial court’s order.
By the same token, it does not appear to me that the trial court undertook to include in its order all the circumstances that contributed to its implied determination that there had been a material change of circumstances. The fact that it did not do so, however, led the Court of Civil Appeals to search among those statements the trial court did include in its order in an effort to discern the grounds for the trial court’s decision. It is true that the trial court does state in its order that “the child is now six years of age” and “is experiencing some difficulties with regard to the shared custody whereby the parties exchange the child week to week.” Based on the facts before us and the structure of the trial court’s order, it is not clear that this was intended as an exhaustive statement of the grounds upon which the trial court determined that there was a material change of circumstances. Indeed, for all that appears, the trial court’s statement that the child was now six years of age and was having difficulty with the shared-cus *553 tody arrangement was intended to explain the court’s decision as to the best-interests prong that follows this statement, which, apart from this statement, would itself be accompanied by no explanation: “It is ORDERED by the court that the best interests of the parties minor child is hereby determined to be ... sole physical custody to the [mother].”
Can we conclude that the trial court did not factor into its implied material-change-of-circumstances decision “the grandmother issue”? That is, can we conclude from the way the order is worded that the trial court did not make an implied finding (the law requires us to impute to the trial court those findings necessary to support its judgment unless the court’s order or the record indicates otherwise) that the grandmother’s coming to live with the father and child four months before the trial and taking over virtually full-time caregiving responsibility was not a material change of circumstances? What about the evidence (apparently undisputed) that, since the divorce, the mother has attained a college degree, is employed by a defense contractor and makes over $48,000 per year, and has a “flexible” work schedule?
Apparently, the trial court had before it substantial evidence from which it could have found (and some of these facts are undisputed) the following regarding the grandmother: that she was a veritable stranger to the child before moving in with the father; that she had been witnessed screaming at another young grandchild; that she did not finish high school; that she was to some extent disabled; that she takes the prescription medication Xanax; that, in the past, she had illegally purchased prescription drugs from her son’s girlfriend; that, during the parties’ marriage, the father had expressed reservations about his mother being around the child; that, when they were married, the mother and father agreed that they would never permit the grandmother to babysit the child; that the grandmother had been married and divorced five times; and that the grandmother was now physically with and responsible for the child most of the day, including transporting the child to various activities.[1]
In apparent satisfaction of the material-change-of-circumstances prong, we have before us, in addition to the foregoing, the facts that the child is now six years of age, that she is attending school, and that the continuation of the week-to-week alternating custody arrangement is now causing the child some difficulties that it did not cause before. The father himself alleged in his petition for a modification of custody that initiated this action “that the joint custody arrangement was not working.” Does not all the foregoing amount to “substantial evidence” from which the trial court reasonably could have found a material change of circumstances?
Because I find a probability of merit in the mother’s petition, I would grant that petition in order to further consider this case.

. I believe we can assume that the trial court could have drawn negative inferences from much of the foregoing. Moreover, the law is clear that one need not prove that a child has been adversely affected by the material change of circumstances. See Watters v. Watters, 918 So.2d 913, 916 (Ala.Civ.App.2005).