MOORE, Judge,
dissenting.
Once a trial court has entered a judgment establishing the physical-custody arrangement for a child, that judgment
“is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change, or unless pertinent facts existing, but not dis *404 closed, at the time of the final decree are brought to light.”
Messick v. Messiah, 261 Ala. 142, 144, 78 So.2d 547, 549 (1954). A change of circumstances is considered “material” under Alabama law if that change “ ‘affeet[s] the welfare and best interests of the child or children involved.’ ” Ford v. Ford, 298 Ala. 743, 744, 310 So.2d 234, 235 (1975) (quoting Ponder v. Ponder, 50 Ala.App. 27, 30, 276 So.2d 613, 615 (Civ.1973)).
As our supreme court has clarified on repeated occasions, in order to be material, the change of circumstances does not have to be adverse to the best interests of the child, but may be a beneficial change. See Ex parte Murphy, 670 So.2d 51, 53 (Ala.1995); Ex parte McLendon, 455 So.2d 863, 866 (1984); and Ford v. Ford, 293 Ala. at 744, 310 So.2d at 235. Nevertheless, our supreme court has also recognized that alleged heterosexual misconduct by a parent will not justify a change of custody in the absence of evidence indicating that the misconduct has detrimentally affected the child. Ex parte J.M.F., 730 So.2d 1190, 1194 (Ala.1998). In this case, D.N.J. (“the father”) criticized D.M.J. (“the mother”) for engaging in multiple romantic relationships and cohabiting with her romantic partners in the presence of the child. The father also hypothesized that her conduct may not be good for the child; however, the father did not present any evidence of any actual detrimental effect the mother’s conduct had had on the child. Consequently, the trial court did not have any evidentiary basis for modifying custody based on the mother’s alleged unstable romantic relationships.
The father also presented no evidence indicating that the child had been detrimentally affected by the mother’s various residence changes since the parties’ divorce. Although our prior caselaw has not explicitly stated that such evidence is required, numerous cases have at least implied as much. In Rey v. Rey, 513 So.2d 1 (Ala.Civ.App.1986), this court, in reversing a judgment modifying the custody of a child, rejected Mr. Re/s argument that Mrs. Key’s change in residence reflected instability that was adversely affecting the welfare and best interests of their child. In Judah v. Gilmore, 804 So.2d 1092 (Ala.Civ.App.2000), this court, in reversing a judgment modifying custody, noted that the moving parent had not proven any adverse effect on the children based on a temporary change in their residency while in the custody of the nonmoving parent. 804 So.2d at 1097. On the other hand, this court and our supreme court have affirmed judgments modifying custody based on the custodial parent’s residential instability in light of additional evidence of behavioral, emotional, or developmental problems for the child or children whose custody was at issue. See Ex parte Murphy, 670 So.2d 51 (Ala.1995); Pitts v. Priest, 990 So.2d 917 (Ala.Civ.App.2008); and Taft v. Taft, 553 So.2d 1157 (Ala.Civ.App.1989).
Additionally, it defies logic to require proof of a detrimental effect in cases involving alleged indiscreet sexual behavior, but not to do so in cases involving alleged residential instability. In the former line of cases, the morals of the developing child are at issue, yet the appellate courts of this state have recognized that a trial court cannot infer moral endangerment in every case so the burden remains on the noncustodial parent to present actual evidence of a detrimental effect. In the hierarchy of judicial concerns, the stability of a child does not hold greater importance than the morals of a child. Likewise, it cannot be inferred that a child’s healthy development is automatically threatened by the residential instability of his or her custodial parent; if that was the case, the courts would have to deny petitions for custody filed by parents whose professions require constant relocation, such as military person *405 nel. Moreover, if such inferences could be made from the mere fact of residential instability, it would place no great burden on a noncustodial parent to present actual evidence of a detrimental effect as this court explicitly requires in cases involving alleged sexually indiscreet behavior.
In this case, the father undoubtedly proved that the mother had often moved and had lived in varying arrangements with third parties since the parties divorced. The father also clearly proved that, during that same period, he had moved far less and had engaged in only one romantic relationship. However, the father did not prove that the child had experienced any difficulties while in the former joint-custody arrangement as a result of the mother’s living arrangements, much less that those arrangements had stunted his natural development. The majority opinion likewise concludes that the trial court had no evidence before it indicating that the mother’s unstable living arrangements had harmed the child, but it maintains that the trial court could have inferred such an impact, based on Holsombeck v. Pate, 47 Ala.App. 39, 42, 249 So.2d 861, 864 (Civ.1971). 106 So.3d at 398-99. For the same reasons as asserted by Judge Thomas in her dissent, 106 So.3d at 400-01, I find Holsombeek inapposite and the reasoning of the majority opinion unpersuasive.
The record before this court contains no evidence indicating that the child is anything other than a normal child who is thriving under the custody arrangement originally chosen by the trial court and which the child desires to maintain. Based on the record before this court, I find no evidentiary basis for modifying custody. Therefore, I respectfully dissent.